**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Thomas Lyle HAYDEN,**
**Defendant–Appellant.**

No. 89–2997

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 19, 1990.

---

Ronald D. Karchmer, Corpus Christi, Tex. (Court-appointed), for defendant-appellant.

Paula C. Offenhauser, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before REAVLEY, KING and JOHNSON, Circuit Judges.

PER CURIAM:

Thomas Lyle Hayden appeals from the imposition of his sentence pursuant to the application of the Sentencing Guidelines. Hayden was convicted of various narcotics offenses. Because of Hayden's prior felony convictions of the same nature, Hayden is classified as a career offender under Section 4B1.1 of the Guidelines. This translates into a criminal history category of VI and an offense level of 34. Absent the classification as a career offender, Hayden would be subject to an offense level of 26 and a criminal history category of V.

In this appeal, Hayden argues that the classification of a defendant as a "career offender" under 28 U.S.C. § 994(h) and Sentencing Guideline 4B1.1 is unconstitutional as arbitrary, capricious and violative of Hayden's due process and equal protection rights. We do not agree.

The imposition of greater punishment based on the nature of the crime and on the recidivist nature of the perpetrator is recognized as a legitimate sentencing principle. *See, e.g., Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Section 4B1.1 implements Congress' directive that the guidelines base a defendant's sentence upon consideration of the offense committed and the defendant's criminal history. *See United States v. White,* 869 F.2d 822 (5th Cir.), *cert. denied,* — U.S. —, 109 S.Ct. 3172, 104 L.Ed.2d 1033 (1989).

We perceive no due process or equal protection violation in the instant case. The sentence is affirmed.

AFFIRMED.