UNITED STATES of America,
Plaintiff–Appellee,

v.

Steven Michael JOHNS, Defendant–
Appellant.

No. 92–8061
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 4, 1993.

Joseph A. Homans, Thompson Fox Jolliff Chandler & Homans, Gainesville, GA, for defendant-appellant.

Sandra Strippoli, Asst. U.S. Atty., Atlanta, GA, for plaintiff-appellee.

Before HATCHETT, COX and DUBINA, Circuit Judges.

PER CURIAM:

The appellant in this case, Steven Michael Johns ("Johns"), appeals his convictions and sentences imposed by the United District Court for the Northern District of Georgia. For the reasons that follow, we affirm.

I. *Procedural History*

Johns was indicted by a federal grand jury in the Northern District of Georgia charging him (1) with possession of a shotgun with a barrel length of less than eighteen inches, which was not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d); and (2) with being a felon

in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). After a jury trial, Johns was convicted of both counts of the indictment. The district court sentenced Johns to 120 months' incarceration on count one and 235 months' incarceration on count two, with the sentences to run concurrently. Johns was also sentenced to a term of thirty-six months of supervised release, a $17,500.00 fine and a $100.00 special assessment. Johns then perfected this appeal.

## II. *Background Facts*

On September 23, 1991, at approximately 4:30 p.m., Lt. James Gagiliolo of the Helen, Georgia, Police Department was dispatched to Unicoi State Park to assist in stopping a vehicle. Lt. Gagiliolo observed a vehicle fitting the description of the one he was seeking and eventually stopped it. Johns was the sole occupant of the vehicle. Johns got out of the vehicle and put his hands up. For security reasons, Lt. Gagiliolo looked in the cab on the passenger's side, and in plain view, he observed a shotgun on the floorboard of the pickup truck.

The next day, Johns was interviewed by additional law enforcement officers, at which time he claimed that he had received a bump on the head and did not remember anything. Johns was read his *Miranda*[1] rights and acknowledged understanding his rights. Because he could not remember his name, Johns placed an "X" in place of his signature on the waiver of rights form. Later that same day, in a second interview, Johns claimed that he and "Harold" had driven into the mountains and that Harold had hit Johns on the head and jumped from the vehicle. Johns did not know "Harold's" last name. Johns was also offered medical attention but declined it.

The vehicle that Johns was driving at the time he was arrested was a maroon 1971 Datsun pickup truck. William Hawkins ("Hawkins") was the owner of that vehicle. Hawkins testified that the vehicle was stolen on September 19, 1991. Moreover, he testified that Johns did not have permission to have his pickup truck and that the shotgun in Hawkins' vehicle, at the time of Johns' arrest, did not belong to Hawkins.

The shotgun retrieved from the pickup truck had a barrel length of just under fifteen and one-half inches, and it was operational. It was not registered to Johns in the National Firearms Registration and Transfer Record.

The parties stipulated at trial that Johns was a convicted felon.

## III. *Issues*

In this appeal, Johns presents the following issues for review:

(1) Whether the district court erred in instructing the jury to "let their verdict speak the truth;"

(2) Whether the district court abused its discretion by admitting evidence that the vehicle Johns was driving at the time of his arrest was stolen; and

(3) Whether United States Sentencing Guideline ("U.S.S.G.") § 4B1.4 violates the due process or equal protection provisions of the United States Constitution.

## IV. *Standards of Review*

■ A district court's instructions to the jury are erroneous only if the charge as a whole did not sufficiently instruct the jurors so that they understood the issues involved and were not misled. *United States v. Hooshmand*, 931 F.2d 725, 733 (11th Cir.1991).

■ A district court's decision to admit evidence is reviewable under the clear abuse of discretion standard. *United States v. Williford*, 764 F.2d 1493, 1497 (11th Cir.1985).

■ The district court's determination that U.S.S.G. § 4B1.4 (Armed Career Criminal) does not violate Johns' due process and equal protection rights is a question of law to be reviewed under the *de novo* standard of review. *See Hooshmand*, 931 F.2d at 737.

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

## V. *Analysis*

Having carefully reviewed the record and the briefs, we see no merit to the first two issues raised by Johns in this appeal and, accordingly, summarily affirm the district court as to those issues. The sentencing issue, however, involves a question of first impression in this circuit. Accordingly, we address that issue in some detail.

Johns contended at his sentencing that U.S.S.G. § 4B1.4 violates the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution because it takes into account a defendant's criminal record in calculating both his criminal history and his offense level. For that reason, Johns objected to the district court sentencing him under that provision. The district court overruled Johns' objection and sentenced him pursuant to § 4B1.4.

Although this case presents an issue of first impression in this circuit, arguments that the armed career criminal sentencing scheme is unconstitutional on the basis of due process and equal protection violations have been flatly rejected by all courts of appeal which have considered the issue. *See, e.g., United States v. John,* 936 F.2d 764, 766 n. 2 (3d Cir.1991) (due process); *United States v. Hayden,* 898 F.2d 966, 967 (5th Cir.1990) (equal protection); *United States v. Baker,* 850 F.2d 1365, 1372 (9th Cir.1988) (equal protection); *United States v. Clawson,* 831 F.2d 909, 915 (9th Cir. 1987), *cert. denied,* 488 U.S. 923, 109 S.Ct. 303, 102 L.Ed.2d 323 (1988) (equal protection); *see also United States v. Green,* 902 F.2d 1311, 1313 (8th Cir.1990) (due process); *United States v. Pinto,* 875 F.2d 143, 144 (7th Cir.1989) (due process). Additionally, we have held generally that the Sentencing Guidelines are constitutional and do not violate due process. *See United States v. Willis,* 956 F.2d 248, 250 (11th Cir.1992).

Moreover, Congress directed the Sentencing Commission to "assure that [for career offenders] the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized." *See* 28 U.S.C.A. § 994(h) (West Supp.1992).

The career offender scheme of using a defendant's criminal record in considering both his offense level and his criminal history under the Sentencing Guidelines bears a rational relationship to a legitimate governmental purpose—"to prevent repeat offenders from continuing to victimize society." *John,* 936 F.2d at 766–67 n. 2. Consequently, Johns' due process claim lacks merit. *Id.; see also United States v. Erves,* 880 F.2d 376, 379 (11th Cir.1989) (rejecting both procedural and substantive due process attacks on sentencing guidelines); *United States v. Hawkins,* 811 F.2d 210, 217 (3d Cir.), *cert. denied,* 484 U.S. 833, 108 S.Ct. 110, 98 L.Ed.2d 69 (1987) (holding sentencing enhancement scheme in armed career criminal amendment to 18 U.S.C.A. § 1202(a) constitutional). Defendant's equal protection claim is equally lacking in merit. *See Clawson,* 831 F.2d at 915; *Baker,* 850 F.2d at 1372. Accordingly, we hold Johns' sentence pursuant to U.S.S.G. § 4B1.4 does not violate due process or equal protection.

For the foregoing reasons, we affirm Johns' convictions and sentences.

AFFIRMED.