30 F.3d 136
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James R. ERWIN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-2615.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 14, 1994.*
Decided July 27, 1994.
 
 Before POSNER, Chief Judge, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 In 1987 a jury convicted James R. Erwin of possession of a firearm by a felon in violation of 18 U.S.C. Sec. 922(g). Erwin received an increased sentence of 25 years' imprisonment pursuant to the penalty provision of 18 U.S.C. Sec. 924(e)(1) because he had five prior felony convictions in Illinois. Erwin's conviction and sentence were affirmed on appeal. United States v. Erwin, 902 F.2d 510 (7th Cir.1990). He then sought to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Sec. 2255, claiming ineffective assistance of trial and appellate counsel, which the district court denied. His request is without merit.
 
 
 2
 To successfully establish an ineffective assistance of counsel claim, Erwin must show that counsel's performance was deficient and that the deficiency prejudiced him. Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993); Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Erwin bears a heavy burden in overcoming the presumption that counsel rendered reasonably effective assistance. Strickland, 466 U.S. at 689.
 
 
 3
 In a motion to acquit and on direct appeal, both Erwin's trial and appellate counsel unsuccessfully argued that his prior convictions could not be considered predicate offenses for the application of Sec. 922(g) and Sec. 924(e)(1) because the Illinois provision restoring his civil rights did not expressly provide that he could not possess firearms, as required by 18 U.S.C. Sec. 921(a)(20). United States v. Erwin, 723 F.Supp. 1285 (C.D.Ill.1989), aff'd 902 F.2d 510 (7th Cir.1990).[1] Erwin's ineffective assistance of counsel claim is that in making their arguments counsel failed to "stress the legal importance" of the fact that when Erwin completed serving his sentences in 1976, when Illinois allowed felons to possess firearms after five years, and in 1982 Erwin legally obtained a Firearm Owner's Identification Card (FOID). These circumstances, according to Erwin, gave rise to an obligation on the part of the state, pursuant to Sec. 921(a)(20), to personally inform him that the law had changed and he was no longer allowed to possess firearms.
 
 
 4
 Although Erwin's claim is brought as a challenge to counsel's effectiveness, it is an inartfully disguised attempt to re-argue a claim that this court has already addressed. Erwin assumes that because we did not discuss the change in Illinois law or his possession of a valid FOID card when his conviction was affirmed, we failed to comprehend the legal significance of those facts. To the contrary, it is their lack of significance that prompted the omission. This court need not address frivolous arguments, and under Jones v. Barnes, 463 U.S. 745, 752-54 (1982), counsel need not make them.
 
 
 5
 Erwin also argues that counsel was ineffective in failing to argue that enhancement under Sec. 924(e)(1) violates the equal protection clause because the state convictions that may be relied on for enhancement are defined by state law. 18 U.S.C. Sec. 921(a)(20). Thus, felons from one state may receive an enhanced sentence while others with the same record may not. Clearly, defining convictions by reference to state law does not guarantee equal treatment of all felons. However, Congress need only have a rational basis for treating felons differently. See United States v. Bregnard, 951 F.2d 457, 460 (1st Cir.1991); United States v. Johns, 984 F.2d 1162, 1164 (11th Cir.1993). Here, Congress rationally sought to give effect to a state's restoration of civil rights and to conform the federal prohibition against possession of firearms by felons to that of each state. The statute advances that objective. Thus, trial and appellate counsel's decision not to raise an equal protection claim did not prejudice Erwin.
 
 
 6
 It has been conclusively shown that Erwin is entitled to no relief, and the district court properly declined to hold an evidentiary hearing. 28 U.S.C. Sec. 2255; Ebbole v. United States, 8 F.3d 530, 534 (7th Cir.1993), cert. denied, 114 S.Ct. 1229.
 
 
 7
 The decision of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Erwin has filed such a statement. After considering that statement, we deny the request for oral argument and decide the appeal on the briefs and record
 
 
 [1]
 Section 921(a)(20) defines conviction for the purposes of Sec. 922(g) and Sec. 924(e)(1) and provides that a conviction for which a person has had his civil rights restored shall not be considered a conviction under the statute, unless such restoration expressly provides that the person may not possess firearms