**UNITED STATES of America,**

v.

**Michael G. HORNICK, Defendant**

No. CIV. 02–45–B–S.
No. CRIM 00–48–B–S.

United States District Court,
D. Maine.

July 31, 2002.

---

Timothy D. Wing, Asst. U.S. Attorney, U.S. Attorney's Office, Bangor, ME, for U.S. Attorneys.

Michael G. Hornick, Fort Dix, NJ, Pro se.

### ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

SINGAL, District Judge.

The United States Magistrate Judge filed with the Court on June 11, 2002 with copies to counsel, her Recommended Decision. Defendant filed his Objection to the Recommended Decision on July 22, 2002. I have reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision,

8

and determine that no further proceeding is necessary.

1. It is therefore *ORDERED* that the Recommended Decision of the Magistrate Judge is hereby *ACCEPTED.*

2. It is further *ORDERED* that Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence is hereby *DENIED.*

### *RECOMMENDED DECISION ON MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE*

KRAVCHUK, United States Magistrate Judge.

This matter is before the court on Michael Hornick's motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255. (Docket No. 19.) Hornick plead guilty to two counts for violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2: possession with the intent to distribute marijuana and distribution of hashish. Hornick was sentenced to two concurrent terms of eighty months on each count. Hornick now asserts two grounds that he contends entitle him to relief from his sentence. The United States has filed a response. (Docket No. 23.) As I identify no merit in either of Hornick's grounds, I now recommend that the Court **DENY** Hornick habeas relief.

### Discussion

Hornick is entitled to habeas relief from his federal conviction only "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 ¶ 1. Hornick's assault upon his federal sentence is novel and of constitutional dimension.[1]

Both of Hornick's grounds rely on his contention that the use of his prior state court conviction to enhance his 21 U.S.C. § 841(a)(1) sentences under United States Sentencing Guideline 4B1.1 was impermissible under the United States Constitution. This Guideline provides:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply. A career offender's criminal history category in every case shall be Category VI.

U.S. Sentencing Guideline Manual § 4B1.1 (footnote omitted). The Revised Presentence Investigation Report noted that Hornick had a March 20, 1984, conviction for unlawful trafficking in scheduled drugs, an April 16, 1991, conviction for aggravated furnishing of scheduled drugs, and an April 3, 1995,[2] conviction for aggravated trafficking in scheduled drugs. The § 4B1.1 enhancement raised Hornick from

1. In his conclusion Hornick states that he has researched all prior challenges to the use of state convictions as predicates for the career offender enhancement and other constitutional challenges to the enhancement and recognizes that his challenge is unlike any of the challenges addressed in the case law.

2. Hornick was actually convicted for two felony drug offenses on this date.

a 6 to a 24 offense level. After the subtraction of 3 points for acceptance of responsibility, Hornick's level rested at 21. Since his Criminal History Category was VI, his sentencing range was 77 to 96 months on each count.

Hornick's first § 2255 ground is a frontal challenge of the constitutionality of the application of Guideline § 4B1.1 based on his state court convictions and his second ground is a Sixth Amendment challenge asserting that Hornick's attorney was ineffective for failing to make certain challenges at sentencing.

### A. Ground I: Constitutionality of the Career Offender Sentencing Guideline

■ Hornick's constitutional challenge to his career offender sentencing enhancement is based on his conception of his dual federal and state citizenship and a belief that the United States must afford the presumption of innocence to him vis-à-vis his state court convictions. Hornick urges the court not to assume that a challenge of this magnitude has no merit merely because the practice of using state convictions to enhance federal sentences has historical acceptance.[3]

While a habeas court must always be open to new theories as to why an individual convicted under the criminal statutes might be entitled to relief from his sentence or conviction, this court is not in a position where it can ignore statutes enacted by the United States Congress and disregard the decisional law of higher courts. The weight of decisional law supports the conclusion that the sentencing guideline does not run afoul of the constitution. *See United States v. Piper*, 35 F.3d 611, 620 (1st Cir.1994) (rejecting Due

Process Clause and the Cruel and Unusual Punishment Clause challenges to § 4B1.1 and a non-constitutional challenge to the incorporation of state court convictions as predicate offenses under the career offender provision in light of 28 U.S.C. § 994(h)'s enumeration of specific statutes); *see also Almendarez–Torres v. United States*, 523 U.S. 224, 230, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) ("[W]e note that the relevant statutory subject matter is recidivism. That subject matter—prior commission of a serious crime—is as typical a sentencing factor as one might imagine."); *United States v. Johns*, 984 F.2d 1162, 1164 (11th Cir.1993) (addressing challenge to Guideline § 4B1.4, and following other circuits who have concluded that the armed career criminal sentencing scheme does not run afoul of the Equal Protection and Due Process clauses, also observing that the Eleventh Circuit has "held generally that the Sentencing Guidelines are constitutional and do not violate due process"); *United States v. Guajardo*, 950 F.2d 203, 207 (5th Cir.1991) ("We find that a district court's consideration of past offenses is related to the goal of having dangerous criminals serve longer sentences; using these prior offenses to calculate another sentence is rationally related to achieving that goal and promotes respect for the law, provides deterrence, and protects the public from further crimes."); *id.* at 206–07 (rejecting due process challenge to U.S. Sentencing Guideline 4A1.2); *United States v. Green*, 902 F.2d 1311, 1313 (8th Cir.1990) (rejecting Due Process challenge to Guideline § 4B1.1).

While I could locate no published opinion that addressed a constitutional challenge framed in this manner, Hornick's lengthy historical overview of the division

---

**3.** Hornick also questions the exercise of any federal police powers beyond the three federal crimes he says are recognized in the United States Constitution (which, Hornick argues cannot implicate recidivism concerns due to the terminal nature of the punishment).

of powers between the states and the federal government and the resulting distinction between state and federal citizenship do not persuade me that the application of Guideline § 4B1.1 in calculating Hornick's federal sentence was constitutionally unsound. The case law clearly indicates that recidivism is a legitimate basis on which to enhance a sentence and I reject Hornick's contention that this sentencing factoring is a form of "double jeopardy" when state convictions are used to enhance a federal sentence. Indeed, Hornick's notion that the federal court should revisit the state convictions, affording him a presumption of innocence thereto, is more apt to run afoul of the double jeopardy prohibition in that it invites a federal court to revisit the same conduct and reassess its criminality.

### B. Ground II: Ineffective Assistance of Counsel Claim

■ Ineffective assistance of counsel claims are reviewed under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the familiar two prong analysis. Hornick must demonstrate that his attorney's representation was deficient, *id.* at 687, 104 S.Ct. 2052, and, that, but for this deficiency the outcome of his sentencing would have been different. *Id.* A failure to show prejudice will suffice to defeat a particular claim, without reference to the level of counsel's performance. *Id.*

In his motion and his reply to the United States' answer Hornick states that he would not have qualified as a career offender but for his attorney's failure to challenge the use of some of his state convictions. He asserts that his attorney should have pressed the court to go beyond the simplistic application of Guideline § 4B1.1 and consider whether the use of state convictions in this manner was really what the United States Sentencing Commission and Congress intended when it created the Career Offender Statute. Hornick argues that his defense counsel should have done more than challenge four of the state offenses he did challenge; he should have brought out for examination the circumstances and nature of the remaining convictions for a determination of whether his debt to society had been paid and whether some of his less serious "anti-social" actions really justified the legal effect they had in his federal sentencing.

■ I find no merit in Hornick's assertion that his attorney should have argued for the exclusion of some of the thirty-five state offenses listed in his presentence report rather than leaving them as numbers to be added into his criminal history category calculation. Of the offenses listed points were assessed with respect to only fourteen. Since the offenses for which Hornick was being sentenced occurred within two years of Hornick's release from federal custody, he received two more points for a total score of 30. Under the Guidelines an offense level of 13 would place Hornick in Category VI. U.S. Sentencing Guideline Manual ch. 5, pt. A. Thus, in order to impact Hornick's sentence, his attorney would need to have successfully challenged 17 additional criminal points. Given the extent of Hornick's history and the fact that points were not assessed on twenty-one of the thirty-five possible offenses, it cannot be said that Hornick's attorney's decision not to ruffle the waters further was deficient within the meaning of *Strickland.*

■ Hornick further complains of the State's action in enhancing his misdemeanors into felonies and his attorney's failure in this case to challenge this practice in front of the District Court at the time of his sentencing. The First Circuit, addressing a § 4B1.1 career offender enhancement, has recently articulated the

reason why Hornick's attorney could not have challenged the propriety of Hornick's prior state court convictions at his federal sentencing:

> "[W]ith the sole exception of convictions obtained in violation of right to counsel," a defendant in a federal sentencing proceeding has no right to attack collaterally the validity of a prior state conviction used to enhance his federal sentence. *Custis v. United States*, 511 U.S. 485, 487, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994). *See also United States v. Cordero*, 42 F.3d 697, 701 (1st Cir.1994) (quoting *Custis* in context of § 4B1.1 career offender guideline). This limitation on collateral challenges is intended to preserve the integrity of "the finality doctrine that serves to conserve scarce judicial resources and promote efficiency" and to prevent sentencing courts from having to " 'rummage through frequently nonexistent or difficult to obtain state court transcripts or records that may date from another era, and may come from any one of the 50 States.' " *United States v. Burke*, 67 F.3d 1, 3 (1st Cir. 1995) (quoting *Custis*, 511 U.S. at 496, 114 S.Ct. 1732).

*United States v. Delgado*, 288 F.3d 49, 52 n. 4 (1st Cir.2002). If Hornick wants to challenge his convictions by a state he must seek redress from the state that convicted him or challenge those convictions in a 28 U.S.C. § 2254 proceeding.[4]

### Conclusion

Based upon the foregoing, I recommend that the court **DENY** petitioner's motion.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

June 11, 2002.

---

**4.** Hornick also complains that his attorney in the state court proceedings allowed one of his cases to be handled in a bench trial rather than in front of a jury. This challenge is also not properly before this court in a 28 U.S.C. § 2255 challenging his federal conviction.