[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 20, 2002
THOMAS K. KAHN
CLERK

_____

No. 02-11586
Non-Argument Calendar

_____

D. C. Docket No. 01-00009-CR-DHB-3-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARREY DUTY, JR.,
a.k.a. Garrey Dooley,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(August 20, 2002)**

Before BLACK, MARCUS and COX, Circuit Judges.

PER CURIAM:

Garrey Duty, Jr. appeals his sentence of 188 months' imprisonment following his conviction, pursuant to a guilty plea, for distributing five or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). Reviewing de novo the district court's application of the Sentencing Guidelines, and reviewing its factual findings for clear error, *see United States v. Snyder*, 291 F.3d 1291, 1295 (11th Cir. 2002), we affirm.

Duty raises a single issue on appeal: whether the district court erred in sentencing him as a career offender under United States Sentencing Guidelines ("USSG") § 4B1.1. Section 4B1.1 provides that a defendant is a career offender if: (1) he was at least eighteen years old when he committed the offense underlying his conviction; (2) the offense is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. *See* USSG § 4B1.1. To qualify as two prior felony convictions, the prior offenses must be unrelated. *See* USSG § 4B1.2(c). Duty contends that his guilty pleas on four prior drug-related felony charges in state court should be counted as a single conviction pursuant to a Georgia statute,[1] and therefore, the district court erred in finding that he had at least two prior felony drug convictions. We disagree.

---

[1] O.C.G.A. § 17-10-7(d) provides: "For the purpose of this Code section, conviction of two or more crimes charged on separate counts of one indictment or accusation, or in two or more incidents or accusations consolidated for trial, shall be deemed to be only one conviction."

To begin with, the proper definition of the term "conviction" as used in USSG § 4B1.1 is governed by federal law, not state law. *See United States v. Fernandez*, 234 F.3d 1345, 1347 (11th Cir. 2000). Therefore, the Georgia statute referenced by Duty does not apply to the sentence imposed in this case. Moreover, Duty concedes that his state drug offenses were separated by intervening arrests, and the Sentencing Guidelines make clear that "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense)." *See* USSG § 4A1.2. cmt. n.3 (2001). While this court has no published decision applying this "intervening arrest" rule, several of our sister circuits have applied the rule to hold that prior convictions are not related where the offenses underlying those convictions are separated by arrests. *See, e.g., United States v. Bradley*, 218 F.3d 670, 673-74 (7th Cir. 2000); *United States v. Huggins*, 191 F.3d 532, 539 (4th Cir. 1999); *United States v. Boonphakdee*, 40 F.3d 538, 544 (2d Cir. 1994); *United States v. Hallman*, 23 F.3d 821, 824-25 (3d Cir. 1994); *United States v. Davis*, 15 F.3d 526, 532-33 (6th Cir. 1994); *United States v. Gallegos-Gonzalez*, 3 F.3d 325, 327-28 (9th Cir. 1993). We agree with these decisions. Because Duty's state drug offenses were separated by intervening arrests, those offenses were not related, and the district court properly applied § 4B1.1.

AFFIRMED.