# United States Court of Appeals
## For the First Circuit

No. 03-1390

UNITED STATES OF AMERICA,

Appellee,

v.

AMAURY GONZÁLEZ,

Defendant, Appellant.

_____

No. 03-1826

UNITED STATES OF AMERICA,

Appellee,

v.

JULIAN MARTÍNEZ

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge]

Before

Boudin, Chief Judge,

Torruella and Selya, Circuit Judges.

John F. Cicilline on brief for appellant Amaury González.
Amaury González on supplemental brief pro se.
John M. Cicilline on brief for appellant Julian Martínez.

Craig N. Moore, Acting United States Attorney, Donald C. Lockhart, Assistant United States Attorney, and Adi Goldstein, Assistant United States Attorney, on consolidated brief for appellee.

---

March 30, 2004

---

**Per Curiam**.    Defendants Amaury Gonzalez and Julian Martinez were indicted, along with Lenaur Hidalgo, on drug offenses involving cocaine distribution in Providence, Rhode Island.  All three eventually pled guilty in the district court to conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846 (2000), as well as multiple counts of substantive cocaine-related offenses. Gonzalez and Martinez now appeal, each raising separate issues with respect to the sentences imposed on them by the district court.

Gonzalez argues that the district court erred in finding him a career offender under U.S.S.G. § 4B1.1 (2002), a finding that had the effect of raising his base offense level from 26 to 34. See § 4B1.1(b).  § 4B1.1(a) says:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Gonzalez's argument centers on the third requirement for career offender status: he claims that, although he did have two prior felony convictions for crimes involving controlled substances, the district court failed to treat those convictions as "related," and so not counted separately, for purposes of applying the guideline.

U.S.S.G. § 4B1.2(c) says, in relevant part:

> The term "two prior felony convictions" means (1) the defendant committed the instant

-3-

offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense . . . , and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of §4A1.1(a), (b), or (c).

To determine whether sentences are counted separately under the provisions of U.S.S.G. § 4A1.1(a), (b), or (c), it is necessary to look to § 4A1.2(a)(2), which says: "Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c)." Section 4A1.2(a)(2) does not set forth any criteria for determining whether prior sentences are "related" or "unrelated," but the accompanying commentary says:

Related Cases. Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

U.S.S.G. § 4A1.2, cmt. n.3.

Gonzalez indisputably has two prior felony convictions for controlled substances offenses, one in August of 1998 and one in February of 1999. He also concedes that the two offenses "were separated by an intervening arrest," which, according to the commentary quoted above, would make the convictions unrelated

-4-

under section 4A1.2.  Gonzalez's only argument is that the commentary should not be followed because it changes the meaning of section 4A1.2, which does not itself define "related" or "unrelated" sentences.

The commentary contained in the Sentencing Guidelines is binding unless there is a conflict between the commentary and the text of the particular guideline at issue.  Stinson v. United States, 508 U.S. 36, 42-47 (1993).  Here, there is no conflict between section 4A1.2, which contains no criteria for distinguishing between "related" and "unrelated" sentences, and the commentary, which clarifies the meaning of these otherwise ambiguous terms.  This conclusion accords with that of every circuit to consider the issue.[1]  Since the intervening arrest resolves the question, we have no cause to consider Gonzalez's argument that his prior convictions are otherwise related.

Gonzalez also argues, in a supplemental pro se brief, that the career offender provision of the guidelines is unconstitutional because federal law cannot use state convictions

---

[1]United States v. Duty, 302 F.3d 1240, 1241-42 (11th Cir. 2002); United States v. Peltier, 276 F.3d 1003, 1006-07 (8th Cir. 2002); United States v. Bradley, 218 F.3d 670, 672-74 (7th Cir. 2000); United States v. Huggins, 191 F.3d 532, 539 (4th Cir. 1999); United States v. Boonphakdee, 40 F.3d 538, 543-44 (2d Cir. 1994); United States v. Davis, 15 F.3d 526, 532-33 (6th Cir. 1994); United States v. Gallegos-Gonzalez, 3 F.3d 325, 326-28 (9th Cir. 1993); see United States v. Hallman, 23 F.3d 821, 824-25 (3d Cir. 1994) (reaching the same conclusion for purposes of determining criminal history score); United States v. Wilson, 41 F.3d 1403, 1404-05 (10th Cir. 1994) (same).

-5-

for career offender classification purposes.  Gonzalez contends that to do so violates the presumption of innocence and principles of federalism.  Gonzalez concedes that he did not make this argument before the district court, and therefore, our review is for plain error only.  United States v. Connolly, 341 F.3d 16, 31 (1st Cir. 2003).

There is no error, plain or otherwise, in the reliance upon state convictions.  "Once a defendant has been afforded a fair trial and convicted of the offense for which he was charged, the presumption of innocence disappears."  Herrera v. Collins, 506 U.S. 390, 399 (1993).  Nor do principles of federalism bar federal reliance on a state conviction.  Custis v. United States, 511 U.S. 485, 496-97 (1994) (prior state convictions may constitutionally be used for sentence enhancement under the Armed Career Criminal Act); see generally United States v. Hornick, 214 F. Supp. 2d 6, 9-10 (D. Me. 2002) (rejecting an argument identical to Gonzalez's).

Martinez (the other defendant in this appeal) argues that the district court erred in denying him a mitigating role adjustment under U.S.S.G. § 3B1.2 (2002).

> Role-in-the-offense determinations are almost always factbound.  With respect to downward role-in-the-offense adjustments, the defendant bears the burden of proof.  United States v. Ocasio, 914 F.2d 330, 332-33 (1st Cir. 1990).  Appellate review is highly deferential: the sentencing court's determination of a defendant's role is reviewed only for clear

> error. Id. at 333. "Thus, absent a mistake of law, battles over a defendant's status . . . will almost always be won or lost in the district court." United States v. Graciani, 61 F.3d 70, 75 (1st Cir. 1995).

United States v. Martinez-Vargas, 321 F.3d 245, 250 (1st Cir. 2003).

Section 3B1.2 authorizes a district court to reduce a defendant's base offense level if it finds that the defendant was a "minor participant" or a "minimal participant" in "any criminal activity," with "minimal participant" status carrying the greater reduction. "To obtain a reduction for minor participant status, a defendant must prove that he is both less culpable than most other persons involved in the offense of conviction and less culpable than most other persons convicted of comparable crimes." Martinez-Vargas, 321 F.3d at 250; see also United States v. Molina-Marrero, 320 F.3d 64, 66 (1st Cir. 2003). Martinez has failed to make such a showing.

The government's case against the three defendants rested on nine undercover drug purchases. For each purchase, the government's undercover agent would negotiate the deal over the phone with either Gonzalez or Hidalgo. Then, either Gonzalez or Hidalgo would be driven to meet the undercover agent at a predetermined location. In all of the transactions, Gonzalez or Hidalgo would exit the car they arrived in, enter the agent's car, and then sell cocaine to the agent.

-7-

In the first six transactions, the undercover agent was unable to identify who drove Gonzalez or Hidalgo to the meeting; but in each of the last three, the agent identified Martinez as the driver.  Martinez was also the driver for a proposed tenth transaction, which was never completed because the defendants were arrested before the deal could be completed.  Martinez claims that because his role in each of the transactions was limited to simply driving Gonzalez or Hidalgo to and from the proposed meeting place, he should be entitled to a mitigating role adjustment.

Even if Martinez's role were limited to that of driver, that would not necessarily, without more, prove that he deserved a role adjustment.  See United States v. Gonzalez-Soberal, 109 F.3d 64, 73-74 (1st Cir. 1993).  In any event, Martinez admitted that he had weighed and packaged cocaine and that he had used hidden compartments located in at least two different cars to conceal and transport drugs and money.  Martinez was paid $900 a week for his services.

Based on these facts we cannot say that the district court clearly erred in denying Martinez a mitigating role adjustment for being a "minor" participant.  Because to qualify for "minimal" participant status requires a defendant to demonstrate a level of culpability lower than that of a "minor" participant, Martinez's alternative claim to "minimal" participant status fails a fortiori.

<u>Affirmed</u>.