[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 29, 2005
THOMAS K. KAHN
CLERK

_____

No. 03-16457
Non-Argument Calendar

_____

D. C. Docket No. 01-00194-CR-T-23-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY CARLTON LANCASTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 29, 2005)**

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Terry Calton Lancaster appeals, <u>pro se</u>, his convictions and sentence for drug

trafficking, in violation of 21 U.S.C. sections 841(a)(1), (b)(1)(C), (b)(1)(A)(iii),

and being a felon in possession, in violation of 18 U.S.C. sections 922(g)(1) and 924(a)(2). Because the district court did not err when it refused to withdraw his guilty plea, sentenced him as a career offender, and refused to award an additional reduction for acceptance of responsibility, we affirm. We do not address Lancaster's argument regarding downward departure because we do not have jurisdiction to review the decision of the district court.

## I. BACKGROUND

Lancaster was indicted for distribution of crack cocaine, possession with intent to distribute crack cocaine, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm as a felon. On the first day of trial, Lancaster, represented by counsel and without the benefit of a plea agreement, informed the court that he intended to plead guilty. At the hearing on the plea change, Lancaster stated that he fully discussed the case with his attorney, was not coerced into pleading guilty, understood the maximum penalties, was satisfied with his counsel's representation, and understood the charges against him and what the government would have to prove at trial. Lancaster admitted that he knowingly and intentionally possessed with intent to distribute 50 or more grams of crack cocaine. Lancaster asserted, however, that he did not possess the firearms in furtherance of the drug trafficking offense. The magistrate judge, therefore, did

not accept his plea change as to this count of the indictment.  The government later dismissed that charge.

The presentence investigation report (PSI) recommended that the district court sentence Lancaster as a career offender because of his three previous felony convictions for crimes of violence.  His career offender status set the total offense level at 37 and criminal history category at VI.  After Lancaster received the PSI, he filed a motion to withdraw his guilty plea, but the district court denied it as moot when Lancaster stated that he wanted to proceed with sentencing.  Lancaster then filed a second motion to withdraw his guilty plea and argued that he thought that he would be given the opportunity to cooperate with the government before sentencing so he could obtain a reduction for substantial assistance, but that the government stated that his cooperation would not be considered at sentencing.

The magistrate judge held a hearing on Lancaster's second motion to withdraw his guilty plea.  At the hearing, the court allowed Lancaster's attorney to withdraw and permitted Lancaster to represent himself.  Lancaster then abandoned his earlier motion to withdraw and stated that he now moved to withdraw his plea as to the possession charge because he possessed fewer drugs than charged.  The magistrate judge recommended that the government allow Lancaster to have a chemist of his choosing weigh the drugs.

3

Lancaster's chemist issued a report that stated that the total weight of the drugs, after ten days of passive drying, was 46.9 grams. The magistrate judge recommended that Lancaster's motion to withdraw his guilty plea be denied because the dried, or evaporated weight of the drugs was irrelevant since inactive ingredients such as water, that are sold as a mixture with cocaine, are included in the total weight for sentencing purposes. The magistrate judge concluded that Lancaster had not established a fair and just reason for the withdrawal of his guilty plea.

Lancaster proceeded pro se and filed objections to the PSI. The district court overruled his objections, adopted the recommendations of the PSI, and sentenced Lancaster to 292 months' imprisonment.

## II. DISCUSSION

At the outset, we note that in his reply brief Lancaster raised a challenge to his sentence under United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005). Lancaster did not raise this issue in his initial brief. The longstanding rule of this Court is that issues not raised in the initial brief are deemed waived. See United States v. Njau, 386 F.3d 1039, 1041-42 (11th Cir. 2004). We, therefore, do not address this argument.

To resolve this appeal we will address four matters: (1) the refusal to allow

4

Lancaster to withdraw his guilty plea; (2) the classification of Lancaster as a career offender; (3) the refusal to give Lancaster an additional reduction for acceptance of responsibility; and (4) the refusal to grant Lancaster a downward departure. We address each issue in turn.

*A. Motion to Withdraw Plea*

If we construe Lancaster's pro se brief liberally, as we must, Lancaster contends that the findings of the chemist regarding the dry net weight of the drugs was a just and fair reason for withdrawal of his guilty plea. We review the denial of a motion to withdraw a guilty plea for an abuse of discretion. See United States v. McCarty, 99 F.3d 383, 385 (11th Cir. 1996). Federal Rule of Criminal Procedure 11 allows a defendant to withdraw "a plea of guilty . . . after the court accepts the plea but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). When a district court considers a motion to withdraw a guilty plea, it "may consider the totality of the circumstances surrounding the plea . . . includ[ing] (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." United States v. Buckles, 843 F.2d 469, 471-72 (11th Cir. 1988) (internal

citations omitted).

The district court did not abuse its discretion when it denied Lancaster's motion to withdraw his guilty plea. Lancaster had the close assistance of counsel. He was assisted by counsel at during the plea hearing, acknowledged that he discussed the case with counsel, and stated that he was satisfied with his attorney's representation. The plea was also knowing and voluntary. Lancaster stated that his plea was not coerced, he understood the nature of the charge, and that he was pleading guilty to possession of 50 grams or more of crack cocaine. Judicial resources would not be conserved if the court allowed the plea change and the government would be prejudiced if he were allowed to withdraw his plea.

*B. Career Offender*

Lancaster next argues that the district court erred when it classified him as a career offender because his previous convictions were related. He contends that his three previous convictions were consolidated because the sentenced were imposed at one hearing and ran concurrently. He also argues that the convictions were part of a common scheme and committed within a short period, that he was arrested by the same law enforcement agency for all three, that only one arrest actually occurred, and that all the crimes were solved in the same investigation.

We review the factual findings of a district court for clear error and its

application of the Sentencing Guidelines to those facts <u>de novo</u>. <u>See</u> <u>United States v. Mullens</u>, 65 F.3d 1560, 1563-64 (11th Cir.1995). A defendant is a career offender when: (1) he was at least 18 years old at the time when he committed the instant offense; (2) the instant offense is a felony that is either a crime of violence or a controlled-substance offense; and (3) he has at least two prior felony convictions of either a crime of violence or a controlled-substance offense. <u>See</u> U.S.S.G. § 4B1.1(a). Convictions are applied toward the determination of career offender status in the same manner as the determination of criminal history. <u>See</u> U.S.S.G. § 4B1.2, cmt. n.3. To calculate a defendant's criminal history category, previous sentences imposed in unrelated cases are counted separately, but previous sentences imposed in related cases are treated as one sentence. <u>See</u> U.S.S.G. § 4A1.2(a)(2).

The district court did not clearly err when it found that Lancaster was a career offender. Lancaster had three previous felony convictions: (1) he was arrested on January 17, 1989, and charged with robbery; (2) he was arrested on August 17, 1989, and charged with aggravated battery in a correctional institution; and (3) on September 11, 1989, he was arrested and charged with assault or battery in a county or municipal jail and criminal mischief. Lancaster was convicted of the first and third offense, and adjudicated guilty of the second. He was sentenced for

7

all three convictions at one hearing, and the sentences ran concurrently.

"Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest." U.S.S.G. § 4A1.2, cmt. n.3. See also United States v. Duty, 302 F.3d 1240, 1242 (2002). Each of Lancaster's convictions was separated by an intervening arrest. Although the comments to the Sentencing Guidelines state that cases are related if they are consolidated for trial or sentencing, it is unclear from the record whether these cases were actually consolidated for sentencing. There is nothing in the record to suggest that these convictions were related in any way. That Lancaster was sentenced for all three at one hearing and his sentences ran concurrently does not convince us that they were related. In the light of the "intervening arrest" rule, see Duty, 302 F.3d at 1242, we cannot say that the district court clearly erred when it concluded that the convictions were not related.

Because the district court did not err when it sentenced Lancaster as a career offender, we need not address many of his remaining arguments regarding his sentencing. Lancaster's status as a career offender set his base offense level at 37 and his criminal history category at the highest level. Any error in calculating other aspects of Lancaster's criminal history score would be harmless.

We still must address two of Lancaster's remaining arguments. First, we

8

must consider his argument regarding acceptance of responsibility because that would allow for an adjustment to the total offense level. Second, we must consider his argument regarding his motion for downward departure.

*C. Acceptance of Responsibility*

We review the findings by the district court regarding a reduction for acceptance of responsibility for clear error. See United States v. Calhoon, 97 F.3d 518, 531 (11th Cir. 1996). A defendant bears the burden of establishing that he is entitled to a reduction for acceptance of responsibility. See United States v. Anderson, 23 F.3d 368, 369 (11th Cir.1994). Section 3E1.1(a) of the Sentencing Guidelines allows for a two-point reduction in the base offense level for acceptance of responsibility. See U.S.S.G. § 3E1.1(a). Section 3E1.1(b)(2) provides for an additional one-level reduction in the base offense level if the defendant: (1) qualifies for a two-level reduction for acceptance of responsibility under § 3E1.1(b)(1); (2) has an offense level of 16 or greater; and

> (3) has assisted authorities in the investigation or prosecution of his own misconduct by . . . timely providing complete information to the government concerning his own involvement in the offense; or timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.

U.S.S.G. § 3E1.1(b).

After "a defendant is awarded a two-level reduction for acceptance of

responsibility, whether or not to grant the additional one-level reduction is a matter of determining only whether the defendant timely provided information and notified authorities of his intention to enter a plea of guilty." United States v. McPhee, 108 F.3d 287, 289-90 (11th Cir. 1997). "The timeliness of the defendant's acceptance of responsibility . . . is context specific. In general, the conduct qualifying for a decrease in offense level under subsection (b)(1) or (2) will occur particularly early in the case." U.S.S.G. § 3E1.1(b), cmt. n.6. "As a general rule, pleas on the eve of trial are not timely." United States v. Gilbert, 138 F.3d 1371, 1373 (11th Cir. 1998).

The district court did not clearly err when it denied Lancaster's request for an additional one-point reduction for acceptance of responsibility. Lancaster changed his plea to guilty on the day trial was to begin, and when he made his plea, he did not fully accept responsibility as to one of the charged crimes. Although Lancaster admitted that he owned the crack cocaine and guns at the time the search warrant was executed, he adamantly denied the amount of crack cocaine that was involved and challenged the firearm enhancement to his sentence. There is no evidence that Lancaster provided any information concerning his involvement in drug trafficking to the government. The district court was kind to adopt the recommendation of the PSI and award Lancaster a two-level reduction. We agree

10

with the district court when it stated that Lancaster was "very fortunate" to receive any reduction because "most people do not get that under the circumstances of this case."

## D. Downward Departure

Lancaster argues that the district court erred when it denied his motion for downward departure. He contends that the district court should have granted his motion based on his diminished mental capacity. We "may not review a district court's refusal to grant a downward departure unless the court mistakenly believed that it lacked the authority to grant such a departure." United States v. Hansen, 262 F.3d 1217, 1256 (11th Cir. 2001). Nothing in the record evidences that the district court misunderstood its authority to grant a departure based on diminished capacity; instead the record shows the proper understanding of the district court regarding its authority. We, therefore, lack jurisdiction to review the decision of the district court. See id. at 1257.

## III. CONCLUSION

Based on the foregoing, Lancaster's convictions and sentence are **AFFIRMED.**