[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 9, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15481
Non-Argument Calendar
_____

D. C. Docket No. 02-00458-CR-T-17-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARLO KEVIN MCELROY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 9, 2006)

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant-appellant Marlo Kevin McElroy pleaded guilty to possession

with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841. There was no written plea agreement. The government gave notice that the penalties for possession were a mandatory minimum sentence of five years imprisonment and a statutory maximum sentence of forty years imprisonment under § 841(b)(1)(B).

The underlying facts of the case are these: While conducting surveillance in the park, police observed McElroy pull a paper napkin from his pocket; the napkin contained a plastic bag with pieces of crack. McElroy sold some of the crack to his codefendant, who then sold the crack to a man in a car. When police moved in, McElroy ran and threw the napkin to the ground. McElroy refused to stop when ordered to do so, and police were forced to subdue him with pepper spray. Police retrieved the napkin, which lab tests confirmed contained 6.2 grams of crack.

McElroy disputed the amount of crack, and a subsequent lab test showed the amount equaled 5.9 grams. He admitted, however, that he possessed and sold a substance he knew to be crack cocaine. At the change-of-plea hearing, the magistrate judge determined that McElroy had pleaded to the essential elements, even if he disputed some of the factual proffer. The magistrate judge also ensured that McElroy understood that he faced a mandatory minimum sentence of five years imprisonment and a maximum sentence of forty years imprisonment.

McElroy indicated his "concern" over the five-to-forty years, but reaffirmed his intent to plead guilty. The court accepted the plea on the magistrate judge's recommendation.

The probation officer prepared a presentence investigation report ("PSI"), assigning a base offense level of 26 under U.S.S.G. § 2D1.1(c)(7).[1] The probation officer then listed McElroy's prior felony convictions for crimes of violence and a controlled substance offense, qualifying McElroy as a career offender under U.S.S.G. § 4B1.1. Because the statutory maximum penalty was 40 years imprisonment, the offense level was increased to 34 under § 4B1.1. With a three-level reduction for acceptance of responsibility, the total offense level was 31. The probation officer determined that McElroy had numerous prior convictions, which resulted in 10 criminal history points and a criminal history category V, but which was increased to VI under the career-offender provision. The resulting guidelines range was 188 to 235 months imprisonment.

McElroy objected to, inter alia, the application of the career offender provision on the ground that the failure to list the prior convictions in the

---

[1] Under U.S.S.G. § 2D1.1(c)(7), the base offense level is 26 for offenses involving at least 5 grams but less than 20 grams of crack. Thus, even though the probation officer listed the amount for which McElroy was responsible as 6.2 grams - and McElroy asserts that the proper amount was 5.9 grams - the discrepancy is not relevant for purposes of calculating the range. Notably, the district court sustained the objection at sentencing.

indictment resulted in Sixth Amendment and due process violations. He further argued that he had no notice that he faced enhanced penalties under § 4B1.1.

At sentencing, McElroy conceded that the application of the career-offender provision was correct, but he claimed that it over-represented his crime and his criminal history. He noted the discrepancies between the calculated guidelines range and the sentences he faced if his guidelines range was calculated without the prior convictions (that were not charged in the indictment) or if he was sentenced based on his actual criminal history points. He further argued that the two predicate offenses should not count, as he had only pleaded guilty because the state offered him "sweetheart" deals. He urged the court to use its discretion to sentence him below the guidelines range. The district court overruled the objection, finding that the guidelines were properly calculated.

McElroy next argued that he should not be considered a career offender because he was not told at the time he entered his plea that he faced an enhanced sentence. The court rejected this argument, stating that McElroy had been advised that the guidelines applied, and he was aware of his own criminal history. The court then granted the government's motion for a one-point reduction based on substantial assistance, U.S.S.G. § 5K1.1, and added an additional one-point reduction. With a total offense level of 29, the guidelines range became 151 to 188

months. Considering the guidelines range and the sentencing factors of 18 U.S.C. § 3553(a), the court sentenced McElroy to 151 months imprisonment, which it found to be sufficient, but not greater than necessary, to achieve the sentencing goals. McElroy now appeals, challenging (1) whether the sentence imposed was reasonable, and (2) whether the court was required to give him actual written notice before applying enhanced penalties for his status as a career offender.

A. Reasonableness

McElroy argues that his status as a career offender greatly increased the guidelines range, rendering his sentence unfair.

After Booker, we review a defendant's sentence for reasonableness.[2] United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005); United States v. Crawford, 407F.3d 1174, 1179 (11th Cir. 2005). Additionally, the district court is still required to correctly calculate the guidelines range. See United States v. Lee, 427 F.3d 881, 892 (11th Cir. 2005). McElroy bears the burden of showing that his sentence was unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Here, the sentence imposed was reasonable. First, the court imposed

---

[2] This court has rejected the government's argument that a sentence within the guidelines range is presumptively reasonable. United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005) (holding that sentences within the range are not per se reasonable).

sentence at the bottom of the guidelines range, and this sentence fell well below the statutory maximum of forty years imprisonment.  United States v. Martinez, 434 F.3d 1318, 1322 (11th Cir. 2006); Winingear, 422 F.3d at 1246.  Second, the court departed downward another point in addition to the reduction for substantial assistance.  Moreover, the court considered McElroy's lengthy criminal history, which had resulted in a criminal history category V without the career-offender enhancement.  The court then considered the sentencing factors of § 3553(a) and determined that a sentence at the low end of the range was sufficient to meet these factors.[3]  Although the court did not state the weight given to each factor, it was not required to do so.  United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005); United States v. Robles, 408 F.3d 1324, 1328 (11th Cir. 2005).  McElroy has offered nothing to show that his sentence was unreasonable.

B. Notice

McElroy next argues that his due process rights were violated when the court failed to advise him at the time of his plea that he faced an enhanced sentence based on his status as a career-offender.  He contends that notice of possible career-offender status is required just as notice of enhanced penalties is required

---

[3]  These factors include the available sentences, the calculated guideline range, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.  18 U.S.C. § 3553(a).

6

under 21 U.S.C. § 851.

Whether the application of the guidelines violates due process is a question of law subject to de novo review. United States v. Johns, 984 F.2d 1162, 1163 (11th Cir. 1993).

This court has rejected McElroy's claim that he was entitled to notice before his sentence was enhanced based on his status as a career offender, Young v. United States, 936 F.2d 533, 536 (11th Cir. 1991), and McElroy has cited no authority for his argument. Moreover, McElroy was aware of the maximum penalty he faced, and the sentence imposed fell well below the maximum. Accordingly, for the foregoing reasons, we AFFIRM.