# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 11, 2013

No. 13-50449
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CEDRIC TERRANCE JONES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:96-CR-111-1

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Cedric Terrance Jones, federal prisoner # 29464-077, moves for leave to proceed in forma pauperis (IFP) in this appeal from the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence for conspiracy to possess with intent to distribute crack cocaine. By moving to proceed IFP, Jones is challenging the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50449

The district court concluded that Jones was not eligible for a sentencing reduction pursuant to Amendment 750 of the Sentencing Guidelines because pursuant to 21 U.S.C. § 841(b)(1)(A)(iii), his life sentence resulted from his two prior felony drug convictions.  In addition, the district court found that Jones's base offense level was not reduced by the amendment.  For the first time before this court, Jones contends that the failure to reduce his sentence pursuant to § 3582(c)(2) constitutes an equal protection violation because Amendment 750 was enacted to ameliorate sentencing disparities for powder and crack cocaine offenses.  He has not established a clear or obvious error that affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *Sonnier v. Quarterman*, 476 F.3d 349, 367 (5th Cir. 2007); *United States v. Hayden*, 898 F.2d 966, 967 (5th Cir. 1990).

Jones also contends that because the jury did not find the pertinent drug quantity beyond a reasonable doubt, he should have been sentenced for an indeterminate amount of cocaine under § 841(b)(1)(C).  We decline to consider this challenge to the validity of the originally imposed sentence.  *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995).

As a final matter, Jones maintains that because the underlying guidelines calculation influenced the court's sentencing decision, he is entitled to a sentencing reduction.  Under the authority of this circuit, Jones's mandatory minimum statutory penalty overrides the retroactive application of the guidelines amendments.  *See United States v. Pardue*, 36 F.3d 429, 431 (5th Cir. 1994).

Jones's appeal lacks arguable merit and is therefore frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, his motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.