**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Derrick Lee GADDIE, Defendant–Appellant.**

No. 01–5821.

United States Court of Appeals, Sixth Circuit.

Nov. 14, 2002.

two counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Gaddie argues that the district court erred when it determined that his prior convictions supported a sentence enhancement as a career offender under § 4B1.1 of the United States Sentencing Commission *Guidelines Manual.* Specifically, Gaddie contends that the district court erred when it determined that (1) his prior felony controlled substance convictions were not related and (2) his second degree burglary conviction was a crime of violence. For the reasons set forth below, we AFFIRM the sentence imposed by the district court.

I.

On June 7, 2000, Gaddie was charged with one count of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 and two counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On February 20, 2001, Gaddie pled guilty to the two counts of possession with intent to distribute cocaine base and the United States agreed to dismiss the one count of conspiracy to possess with intent to distribute cocaine base. On June 4, 2001, the district court imposed an enhanced sentence of 151 months of imprisonment for the two possession counts and the United States dismissed the conspiracy count.

Gaddie received an enhanced sentence based on the Presentencing Investigation Report recommendation that he be treated as a career offender because he had nine prior state drug trafficking convictions and one prior second degree burglary conviction. The following summarizes Gaddie's relevant criminal history. Gaddie was arrested on February 16, 1993 on five counts of drug trafficking for transactions that

Before KEITH, KENNEDY, and MOORE, Circuit Judges.

KENNEDY, Circuit Judge.

Defendant–Appellant Derrick Lee Gaddie (Gaddie) appeals the sentence imposed by the district court after he pled guilty to

occurred on August 11 and 13, 1992 and January 16, 1993. Gaddie was arrested on another three counts of drug trafficking for transactions that occurred on February 16, 1993 and May 14 and 17, 1993. Gaddie was arrested on one last drug trafficking count on March 1.1994 for a transaction that occurred on April 16, 1993. On October 19, 1994, Gaddie was sentenced to eight years for each of the nine felony drug trafficking charges, with the sentences to be served concurrently. On March 7, 1995, Gaddie was sentenced to five years on the second degree burglary charge, with the sentence to be served consecutive to his drug trafficking sentences.

## II.

Gaddie argues that the district court erred when it determined that he qualified for sentence enhancement as a career offender under Sentencing Guideline § 4B1.1 on the basis that (1) his prior felony controlled substance convictions were not related and (2) his second degree burglary conviction was a crime of violence. We review questions of law concerning the application of the Sentencing Guidelines *de novo*. *United States v. Humphrey,* 279 F.3d 372, 379 (6th Cir. 2002). When, however, the question concerns the application of a guideline to an undisputed factual situation, we apply a more deferential standard. *Id.* at 379 n. 4. Thus, we review *de novo* the question as to whether Gaddie's burglary conviction is a crime of violence for the purposes of § 4B1.1 and we review deferentially the district court's determination that Gaddie's prior felony controlled substance convictions were not related under Sentencing Guideline § 4A1.2.

Section 4B1.1 states:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

United States Sentencing Commission, *Guidelines Manual,* § 4B1.1 (2000).

■ A crime of violence includes "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that is ... burglary of a dwelling, arson, or extortion, involves the use of explosives or otherwise involves conduct that presents a serious risk of physical injury to another." *Id.* § 4B1.2(a)(2). Gaddie argues that his second degree burglary conviction cannot be counted as a crime of violence because the crime as defined by Kentucky law does not involve a risk of injury to another. To determine whether a particular offense constitutes a crime of violence under § 4B1.1, we employ a categorical approach that is limited to an examination of the statutory definition of the predicate offense and the fact of conviction. *United States v. Butler,* 207 F.3d 839, 843 (6th Cir.2000). Under Kentucky law, "a person is guilty of burglary in the second degree when, with the intent to commit a crime, he knowingly enters or remains unlawfully in a dwelling." Ky. Rev.Stat. Ann. § 511.030 (Banks–Baldwin 1995). Congress categorically concluded that the precise crime for which Gaddie was convicted–burglary of a dwelling–is a crime of violence for the purposes of § 4B1.1. That Kentucky law does not require proof that the accused was armed or used or threatened to use a dangerous instrument in connection with the crime, or otherwise caused injury to a person who was not a participant in the crime does not alter our analysis. The language of § 4B1.1 makes clear that Congress intended a career offender to be the target of enhanced punishment if he commits any of

the specified crimes, which Congress predetermined to "present a serious risk of physical injury to others." Consequently, we find that burglary in the second degree as defined by Kentucky law is a crime of violence for the purposes of § 4B1.1.

▇ Gaddie also argues that the district court erred when it determined that because his nine felony drug trafficking convictions were not related, the convictions provided the two or more felony controlled substance offenses required to impose an enhanced sentence under § 4B1.1. Gaddie asserts that this prior drug trafficking convictions were functionally consolidated for the purposes of sentencing because he entered a plea of guilty to all nine charges at the same time and was sentenced by the same court, which ordered the sentences to run concurrently. A sentencing court must treat "related offenses" as a single offense. U.S.S.G. § 4A1.2. "Prior sentences are not considered related if they [are] for offenses that [are] separated by an intervening arrest." *Id.* § 4A1.2, comment. n. 3. "Otherwise, prior sentences are considered related if they result from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." *Id.* The district court found that after Gaddie's initial drug trafficking arrest on February 16, 1993, he was arrested again on October 19, 1993 and March 1, 1994 for drug trafficking offenses that occurred after his initial arrest. Because Gaddie's drug trafficking sentences stemmed from offenses that were separated by two intervening arrests, the district court properly concluded that Gaddie's nine drug trafficking convictions were not related under § 4A1.2 and could be counted as as more than one conviction when imposing an enhanced sentence under § 4B1.1.

Our conclusion forecloses Gaddie's argument that his drug trafficking convictions should be considered related because the sentencing court functionally consolidated the cases. Application note 3 makes clear that once the sentencing court determines that there has been an intervening arrest between two convictions, the relatedness inquiry is concluded; it is only if there is no intervening arrest that a sentencing court may consider the factors that may "otherwise" render convictions related. *United States v. Bradley*, 218 F.3d 670, 673 (7th Cir.2000); *United States v. Aguilera*, 48 F.3d 327, 330 (8th Cir.1995); *United States v. Boonphakdee*, 40 F.3d 538, 544 (2d Cir.1994); *United States v. Hallman*, 23 F.3d 821, 825 (3d Cir.1994); *United States v. Gallegos–Gonzalez*, 3 F.3d 325, 327 (9th Cir.1993).

### III.

For the foregoing reasons, we AFFIRM the sentence imposed by the district court.