**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Trevar Donnell LILES, Defendant–
Appellant.**

No. 03–5745.

United States Court of Appeals,
Sixth Circuit.

June 10, 2004.

Terry J. Haycox, Asst. U.S. Attorney, Nashville, TN, for Plaintiff–Appellee.

Ronald C. Small, Asst. F.P. Defender, Federal Public Defender's Office, Nash-ville, TN, for Defendant–Appellant.

Before KEITH and CLAY, Circuit Judges; and OBERDORFER, District

**520**

Judge.*

### ORDER

Trevar Donnell Liles, a federal prisoner proceeding through counsel, appeals the sentence imposed upon his conviction. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2003, Liles pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924. In the presentence investigation report, Liles's guidelines range of imprisonment was calculated to be 84 to 105 months, based on a total offense level of 23 and a criminal history category of V. Liles filed objections, arguing, inter alia, that two related Tennessee felony offenses had been counted erroneously as separate convictions. The district court denied Liles's objections and sentenced him to 96 months in prison and 3 years of supervised release.

In his timely appeal, Liles reasserts his argument that his two Tennessee felony convictions should be treated as related offenses for purposes of sentencing. In Case No. 97–D–2817, Liles was arrested at his residence and later pleaded guilty to possession of a controlled substance for resale. In Case No. 97–D–2818, Liles was arrested a day or two later at his residence and later pleaded guilty to sale of a controlled substance (crack cocaine). The guilty pleas were entered simultaneously on March 25, 1998, and Liles received concurrent sentences of four years in prison. Counsel contends that the offenses arose out of a single common scheme or plan by Liles to possess and distribute cocaine base from his residence.

This court reviews questions of law relating to the application of the guidelines de novo. *United States v. Humphrey,* 279 F.3d 372, 379 (6th Cir.2002). This court reviews more deferentially a district court's application of a guideline to an undisputed factual situation, such as the determination of whether a defendant's prior convictions were "related" for sentencing purposes. *Id.* at 379 n. 4 (citing *United States v. Ennenga,* 263 F.3d 499, 502 (6th Cir.2001), and *Buford v. United States,* 532 U.S. 59, 65–66, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001)).

Prior sentences imposed in related cases are to be treated as one sentence for purposes of assessing criminal history points. *See* USSG § 4A1.2(a)(2). "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest.... Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." *Id.* at n. 3.

The district court properly concluded that Liles's offenses were not related because the offenses were separated by his arrest for the first offense. Because of the intervening arrest, we decline to consider any factors that may "otherwise" render the convictions related. *See United States v. Gaddie,* 51 Fed.Appx. 150, 153 (6th Cir. 2002), *cert. denied,* 537 U.S. 1239, 123 S.Ct. 1368, 155 L.Ed.2d 208 (2003).

Accordingly, the district court's judgment is affirmed.

---

* The Honorable Louis F. Oberdorfer, United States District Judge for the District of Co- lumbia, sitting by designation.