NOT RECOMMENDED FOR PUBLICATION
File Name: 05a0369n.06
Filed: May 9, 2005

No. 04-1786

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

        v.

SHAWNDA NINETTA GOROSTIETA,

    Defendant-Appellant.

On Appeal from the United
States District Court for the
Western District of Michigan

_____/

**Before: GUY, BATCHELDER, and GIBSON, Circuit Judges.**[*]

**PER CURIAM.** Defendant Shawnda Ninetta Gorostieta appeals from the sentence imposed following a plea of guilty to one count of conspiracy to distribute at least 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(b)(1) and 846. Defendant argues that the district court erred in its calculation of her criminal history score by adding one point for a conviction for driving while impaired. On appeal and through a Rule 28(j) letter brief, defendant also argues that her sentence should be vacated and the case remanded for resentencing in light of *United States v. Booker*, 125 S. Ct. 738 (2005). Defendant then filed an emergency motion for immediate remand for resentencing in reliance on *United States v.*

---

[*]The Honorable John R. Gibson, United States Court of Appeals Judge for the Eighth Circuit, sitting by designation.

*Barnett*, 398 F.3d 516, *reh'g denied*, 400 F.3d 481 (6th Cir. 2005), claiming plain error from the mandatory application of the guidelines. No response was filed by the government, but the government opposed resentencing in its Rule 28(j) letter brief.

Our review of the record leads us to conclude that the district court did not err in determining defendant's criminal history score, but we agree with defendant that *Booker* requires us to **VACATE** her sentence and **REMAND** to the district court for resentencing.

**I.**

Defendant, who lived in Virginia at the time, was recruited by a friend, Diana Lucht, to help transport marijuana from California to Grand Rapids, Michigan. In late 1999 or early 2000, defendant made her first trip to California with Lucht's mother and returned to Grand Rapids with marijuana hidden in the car. Defendant returned to Virginia and, in November 2000, was contacted again about transporting marijuana from California to Michigan. On November 12, 2000, while on her way to Grand Rapids to make this second trip, defendant was stopped near South Haven, Michigan, and arrested for driving under the influence of alcohol. Defendant was picked up from the jail by Lucht and taken to Grand Rapids. On November 13, 2000, they left for California in a rental car. On the return trip, defendant and Lucht decided to steal the marijuana for themselves. Defendant had no further involvement in the conspiracy.

Defendant and three others were indicted for conspiracy to distribute at least 100 kilograms of marijuana. In February 2004, defendant pleaded guilty pursuant to a Rule 11 plea agreement that stipulated (1) that she was directly accountable for 40 to 60 kilograms of marijuana, and (2) that she was a "minor participant" within the meaning of U.S.S.G. §

3B1.2(b). There was no agreement with respect to her criminal history. The presentence report recommended a total offense level of 15 (base offense level of 20, minus two points for minor role and three points for acceptance of responsibility). Defendant received four criminal history points, only one of which is at issue on appeal. As calculated in the presentence report, the guideline range was 24 to 30 months.

At sentencing, defendant renewed her objection to the inclusion of one point in her criminal history score based on the November 12, 2000 conviction for driving while impaired. Without this point, defendant's criminal history score would have placed her in Category II instead of Category III. The district court overruled this objection, agreeing with the probation department that the sentence was imposed in an "unrelated case" and should be counted separately under U.S.S.G. § 4A1.2(a)(2).

The government moved for downward departure under U.S.S.G. § 5K1.1, based on the defendant's cooperation. The district court granted the motion and determined that a two-level departure in the offense level was appropriate, which lowered the guideline range to 18 to 24 months. After noting defendant's post-conviction rehabilitation efforts, the district court imposed a sentence of 18 months' imprisonment to be followed by a three-year term of supervised release. Defendant is currently scheduled for release in October 2005, and has already been transferred to a Community Corrections Center.

**II.**

**A.      U.S.S.G. § 4A1.2(a)(2)**

Under U.S.S.G. § 4A1.2(a)(2), "[p]rior sentences imposed in unrelated cases are to be counted separately," while sentences imposed in "related" cases are to be treated as one

sentence for criminal history purposes. The application notes specifically provide that: "Convictions for driving while intoxicated or under the influence (and similar offenses by whatever name they are known) are counted." U.S.S.G. § 4A1.2, comment. (n.5) (2003). "Related" is also defined in the application notes as follows:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

U.S.S.G. § 4A1.2, comment. (n.3) (2003). Only if there was no intervening arrest may the court consider the factors that may "otherwise" render prior sentences "related." *United States v. Bradley*, 218 F.3d 670, 673 (7th Cir. 2000); *see also United States v. Wells*, No. 02-3419, 2004 WL 1263126, (6th Cir. June 4, 2004) (unpublished decision). We review for clear error a district court's determination of whether prior convictions are "related." *United States v. Horn*, 355 F.3d 610, 612-15 (6th Cir.), *cert. denied*, 124 S. Ct. 2436 (2004).

The district court first found that there was an intervening arrest because defendant was arrested on the impaired driving offense "prior to the onset of the actual implementation of the conspiracy." That is, although the events that brought her to Michigan were "conspiratorial in intention, . . . the events of unfolding of the conspiracy had not yet occurred." Defendant contests this finding and argues that there was no "intervening" arrest because the drug conspiracy began before and continued after the impaired driving arrest.

There is no question that if the defendant had been charged with the substantive offense of possession with intent to distribute marijuana, her arrest for driving while impaired

would have intervened between the driving offense and the drug offense. *See United States v. Liles*, No. 03-5745, 2004 WL 1326064 (6th Cir. June 10) (unpublished decision), *cert. denied*, 125 S. Ct. 104 (2004) (sentences were not "related" where defendant was arrested for drug possession and two days later arrested for drug sale because offenses were separated by an arrest). As the government concedes, however, the courts have not addressed the issue in a case where the second offense was a *conspiracy* to distribute drugs. The government argues that the result should be the same because the drug conspiracy was not *completed* until *after* the impaired driving arrest. We need not resolve this novel issue because we are satisfied that even if there was no intervening arrest, the prior sentence was not "otherwise" related.

Despite the ongoing nature of the drug distribution conspiracy, the offense of driving while impaired was coincidental to the fact that defendant was traveling to meet her coconspirators. Offenses are not related simply because they are part of a crime spree, or are motivated by a common purpose or goal. *United States v. Irons*, 196 F.3d 634, 639 (6th Cir. 1999); *see also Horn*, 355 F.3d at 614-15 (two robberies and one attempted robbery within a month were not related despite common motive and *modus operandi*). To establish that the offenses were part of a single common scheme or plan, a defendant must show that the crimes were jointly planned, or that the commission of one entails commission of the other. *Irons*, 196 F.3d at 638-39. Defendant is unable to show the drug conspiracy and driving while impaired offenses were "related."[1]

---

[1]The government argues for the first time on appeal that the correct inquiry is whether the impaired driving conviction resulted in a "prior sentence" as defined in U.S.S.G. § 4A1.2(a)(1) ("'prior sentence' means any sentence previously imposed upon adjudication of guilt . . . for conduct *not part of the instant*

Accordingly, we find the district court did not clearly err in finding that the sentence for driving while impaired should have been included in the defendant's criminal history score. That does not end our discussion, however, as defendant asks that we vacate her sentence in light of *United States v. Booker*, 125 S. Ct. 738 (2005).

**B.      *Booker***

It appears from defendant's Rule 28(j) letter brief and her motion for remand in light of *Booker*, that defendant does not claim her sentence violated the Sixth Amendment as construed in *Booker*. Rather, defendant asserts for the first time on appeal that the district court erred when it sentenced her in the belief that the guidelines were mandatory. Our review of this claim is for plain error. *Booker*, 125 S. Ct. at 769 (noting that whether new sentencing hearing is required depends on "ordinary prudential doctrines," such as "whether the issue was raised below and whether it fails the 'plain-error' test").

In *Barnett*, we found it was plain error for the district court to have sentenced defendant under a mandatory sentencing guideline regime that has now been held to be advisory. Addressing whether this error affected the defendant's substantial rights, this court also held that a sentence to confinement at the bottom of the guideline range supports an inference of prejudice, and that ordinarily prejudice should be presumed. *Barnett*, 398 F.3d at 527.

The government conceded at oral argument that it was not able to rebut the presumption in this case. The district court granted a downward departure and sentenced

---

*offense*") (emphasis added); *see also United States v. Beddow*, 957 F.2d 1330, 1338 (6th Cir. 1992) (carrying concealed weapon during money laundering offense). Defendant never argued that the sentence for driving while impaired did not constitute a "prior sentence," only that the prior sentence was not "related."

defendant at the bottom of the guideline range, stating: "I'm going to sentence on the low end of this guideline *from which I'm pretty well confined* to 18 months in the custody of the Bureau of Prisons with three rather strategic recommendations." (Emphasis added). In connection with one of those recommendations, the district court stated that it had "no objection to an early furlough of this custodial treatment so long as a home detention or a halfway house placement will ensure that the legal requirements of this sentence are satisfied." We presume prejudice since the record shows that the district court might have exercised its discretion to impose a lower sentence had it known the guidelines were advisory. *Barnett*, 398 F.3d at 529. This being the case, we also conclude that an exercise of our discretion is warranted to correct this error. *Id.* at 529-30.

Accordingly, although we find no clear error in the calculation of defendant's criminal history score, we **VACATE** defendant's sentence and **REMAND** for resentencing in light of *Booker.*

**Alice M. Batchelder, Circuit Judge, Concurring.**  I concur in the court's opinion, including its remanding this case for re-sentencing pursuant to this circuit's post-*Booker* precedents.  I write separately, however, merely to note my disagreement with our decision in *United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005), and its unwarranted departure from traditional plain error review.  *See United States v. Jones*, No. 03-5123, 2005 WL 900870, at *5 n.1 (6th Cir. Apr. 19, 2005) (Batchelder, J.).