In the
United States Court of Appeals
For the Seventh Circuit

No. 99-3544

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

UNDRAY BRADLEY,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 99 CR 30038--David R. Herndon, Judge.

ARGUED APRIL 4, 2000--DECIDED JUNE 26, 2000

Before COFFEY, ROVNER and DIANE P. WOOD, Circuit Judges.

COFFEY, Circuit Judge.  On March 17, 1999, a federal grand jury returned a three-count indictment charging the defendant-appellant, Undray Bradley ("Bradley"), with distribution of crack cocaine in violation of 21 U.S.C. sec. 841(a)(1). On April 26, 1999, Bradley appeared before the court and entered a plea of guilty to all three counts of the indictment. Following a sentencing hearing, the trial judge concluded that Bradley, 41 years of age, was a career offender within the meaning of U.S.S.G. sec. 4B1.1,/1 and sentenced him to 151 months' imprisonment, 3 years' supervised release, a fine of $900, and a $300 special assessment. On appeal, Bradley challenges the trial court's determination that he qualifies as a career offender under the sentencing guidelines. We affirm.

I.  BACKGROUND
   The facts surrounding Bradley's underlying drug offenses are undisputed. Thus, the focus of this appeal is whether Bradley's prior criminal conduct qualifies him as a career offender.

Before the sentencing hearing in this case, the probation officer prepared a Presentence Investigation Report ("PSR") that set out, among other things, the defendant's prior federal and state criminal convictions. Bradley's first relevant conviction was in state court in St. Clair County, Illinois, for an offense that occurred on June 30, 1992, when he was charged with Unlawful Possession with Intent to Deliver Cocaine. See 720 ILCS 570/401(a)(2) (West 1992). Bradley pled guilty to the Illinois state drug charge, and on October 30, 1992, he was placed on two years' probation.

Bradley's second relevant conviction, as described in the PSR, arose out of federal charges in which Bradley was named in two counts of a multiple-count indictment. Count two charged that Bradley, along with 24 other individuals, conspired to distribute cocaine base during a period commencing in June of 1991 and ending on or about February 15, 1993. Count 29 charged that Bradley possessed cocaine base with intent to distribute on November 4, 1992. Bradley was arrested on February 23, 1993, for the charges set forth in the federal indictment. Bradley later entered a plea of guilty to both counts.

As part of the plea agreement in this case, the defendant waived the right to appeal or otherwise collaterally attack any issue other than whether he was a career offender as defined by the sentencing guidelines. At sentencing, Bradley's trial counsel conceded that under the "intervening arrest" rule set out in Application Note 3 to U.S.S.G. sec. 4A1.2,/2 the state charge of June 30, 1992, and the federal charge for conspiracy to distribute cocaine base from June 1991 through February 15, 1993, are unrelated cases./3 Now, on appeal, Bradley argues that the court erred in sentencing him as a career offender because his two prior felony convictions for controlled substance offenses are "related" under the sentencing guidelines.

II. DISCUSSION

Bradley did not challenge his classification as a career offender in the trial court because his counsel stated his belief that the current state

of the law precluded him from doing so. The government argues that because Bradley conceded that the law at the time of his sentencing supported the finding that he qualifies as a career offender, this issue is presented for the first time on appeal and we should review it under the plain error standard. See United States v. Barker, 27 F.3d 1287, 1292 (7th Cir. 1994).

However, the argument can be made that because Bradley reserved the right to appeal the issue of whether he is a career offender in his plea agreement, this court should afford the defendant de novo review on the issue, especially in light of the fact that Bradley makes a legal challenge to the interpretation of the career offender statute rather than a challenge to the factual finding that he is a career offender. We are of the opinion that the standard of review is of little consequence in this particular case because we conclude that under either standard of review the defendant's arguments fail.

Bradley challenges the trial court's finding that he is a career offender within the meaning of U.S.S.G. sec. 4B1.1, claiming that he does not have two prior felony convictions for crimes of violence or controlled substance offenses. The Guidelines provide that in order to be counted for purposes of determining career offender status, the relevant predicate offenses must not be "related" as the term is used in U.S.S.G. sec. 4A1.2. The Guidelines further provide that prior sentences are not related if they are for offenses that were separated by an intervening arrest, and that "[o]therwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." U.S.S.G. sec. 4A1.2, Application Note 3.

Bradley was arrested for possession with intent to deliver cocaine on June 30, 1992, convicted in an Illinois state court of those charges, and sentenced on October 30, 1992, to two years' probation. On February 23, 1993, Bradley was again arrested on drug charges, this time for the federal offense of conspiracy to distribute, and possession

with intent to distribute, cocaine base. The federal indictment alleged that the drug conspiracy commenced on or about June of 1991 and continued until approximately the middle of February of 1993. Although the federal charges included conduct that resulted in the June 30, 1992, state cocaine possession offense, the fact remains that Bradley was arrested on the state charge prior to the last act alleged in the federal case; thus the trial judge in the instant case found the state criminal conduct and the federal charges to be separated by an "intervening arrest" pursuant to U.S.S.G. sec. 4A1.2, Application Note 3.

Bradley acknowledges that the other circuits which have addressed the same issue have held that once there has been an intervening arrest between two convictions, the inquiry is over and the convictions are not considered related offenses. See, e.g., United States v. Boonphakdee, 40 F.3d 538, 544 (2d Cir. 1994); United States v. Hallman, 23 F.3d 821, 825 (3d Cir. 1994); United States v. Gallegos-Gonzalez, 3 F.3d 325, 327 (9th Cir. 1993). The courts in Boonphakdee, Hallman, and Gallegos-Gonzalez explained that the plain language of Application Note 3 indicates that the intervening arrest inquiry must be made first, and that the word "otherwise" indicates that only if there have been no intervening arrests should the court look to the other factors to determine whether the offenses are related.

In the Seventh Circuit, we have also concluded that Application Note 3 requires "that if the criminal conduct is separated by arrests, the ensuing convictions are never considered related. . . ." United States v. Woods, 976 F.2d 1096, 1102 (7th Cir. 1992). See also United States v. Linnear, 40 F.3d 215, 224 n.8 (7th Cir. 1994) ("[E]ven assuming [the defendant's] 1990 charges were consolidated for plea and sentencing, they cannot be considered as related offenses because they were separated by intervening arrests.").

Despite the fact that there was an intervening arrest, Bradley urges us to hold that the district court was under an obligation to specifically evaluate the offenses to determine whether the first was committed prior to the second.

Bradley's assertion that this court should require this type of inquiry is based upon language from the commentary to the sentencing guidelines stating that "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e. the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. sec. 4A1.2, Application Note 3 (emphasis added). Bradley asserts that because the first drug offense, the state charge of possession of cocaine with intent to deliver, was committed on June 30, 1992, and the second drug offense, the federal charge of conspiracy to distribute cocaine base, was a continuing offense, running from June of 1991 through February 15, 1993, there is some question as to whether the first offense is actually encompassed in the latter offense. Thus, Bradley argues, the two convictions are "related" because the arrest on June 30, 1992, was not technically intervening.

In United States v. Coleman, 38 F.3d 856, 860 (7th Cir. 1994), we held that the district court properly found that there was an intervening arrest under the Guidelines where the defendant "was arrested for the acts comprising the first offense before he committed the acts comprising the second offense." Here, there is no question that Bradley was arrested for the acts comprising the first offense, unlawful possession of a controlled substance, prior to committing a significant portion of the acts comprising the conspiracy offense, which did not conclude until February of 1993. Thus, even if the court had conducted a more specific inquiry beyond whether there was an intervening arrest and into the issue of whether the first offense was committed prior to the second offense, the outcome would have been the same./4

The decision of the district court is AFFIRMED.


/1 Section 4B1.1. provides as follows:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of

conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply. A career offender's criminal history category in every case shall be Category VI.

/2 Application Note 3 provides, in relevant part, as follows:

Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

/3 Bradley's counsel made the following statement to the court at sentencing:

Additionally, the PSR recommends that he be found to be a career offender. Under the state of the law as it was several years ago we would have contested that because we really believe that the State offense that is indicated in the PSR, that is, the possession, felony possession of cocaine, was part of the conspiracy, the federal conspiracy to which the Defendant later pleaded guilty.

Nevertheless, under the more recent amendment to the guideline commentary, the fact that the Defendant was arrested on the State charge prior to the conclusion of the conspiracy alleged in the Federal case would invoke what is called the Intervening Arrest Rule, and I cannot see a way of getting around that. Frankly, I believe the way the law is right now, application of that commentary would require that the Court finds him to be a career offender.

/4 Additionally, we noted in Coleman that the fact that an offender is arrested between his first and second offenses demonstrates "that he is less likely to mend his ways." Coleman, 38 F.3d at 860 (citation omitted). Therefore, the intervening arrest provision is a fair way to assess whether a defendant is a career offender who is likely to engage in criminal activity again if released or whether he shows a sincere intention to abandon a lifestyle of crime, thus making him a candidate

for rehabilitation. Here, Bradley was arrested on the state case several months prior to the commission of the last criminal act alleged in the federal drug conspiracy case; his continued involvement in the drug conspiracy after the June 30, 1992, arrest supports the inference that Bradley is not one likely to "mend his ways."