**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Honorato MARIN–PEREZ,**
**Defendant–Appellant.**

**No. 01–3441.**

United States Court of Appeals,
Seventh Circuit.

Argued April 24, 2002.

Decided May 7, 2002.

Before COFFEY, KANNE, and EVANS, Circuit Judges.

ORDER

Honorato Marin–Perez plead guilty to one count of being present in the United States without permission after having been deported, *see* 8 U.S.C. § 1326(a). The district court sentenced him to 77 months' incarceration and three years' supervised release, and also imposed a $2,000 fine and a $100 special assessment. The appellant now argues that his sentence was too severe because the district court miscalculated his criminal history under the sentencing guidelines. We affirm.

The appellant, 25, is a Mexican national who moved to the United States as a child. In 1995 he was convicted of multiple drug offenses in Chicago; those convictions led to his deportation in 1997. That same year the appellant returned to the United

States and was caught selling drugs, this time within 1,000 feet of a school. He was again deported, but the cycle repeated—in June 2000 police arrested him in Chicago for conspiring to distribute cocaine base. In September 2000 a federal grand jury returned a one-count indictment charging the appellant with illegal reentry under § 1326(a). He later pleaded guilty without a plea agreement.

After the district court accepted the appellant's plea, his probation officer prepared and submitted a presentence investigation report. The appellant made several objections to the PSR, including a challenge to its criminal history calculation, and also moved for a downward departure. The court overruled his objections to the criminal history calculation and denied his motion to grant a downward departure. The court determined that the appellant's adjusted offense level was 21 with a criminal history category of VI, yielding a sentencing range of 77 to 96 months' incarceration. The court sentenced him at the low end of that range.

The appellant urges that the district court erred by assessing him nine criminal history points for four past offenses that, in his view, were "related"; he believes the offenses should have been treated as one in determining his criminal history. Section 4A1.2 is the relevant guideline for calculating a defendant's criminal history, and this court reviews the application of that guideline for clear error, *see United States v. Best,* 250 F.3d 1084, 1094–95 (7th Cir.), *cert. denied,* — U.S. ——, 122 S.Ct. 279, 151 L.Ed.2d 205 (2001).[1] Under

§ 4A1.2 prior sentences imposed in unrelated cases are counted separately; those imposed in related cases are treated as one. Under Application Note 3 prior sentences are related if the underlying offenses were not separated by an intervening arrest, and if the offenses occurred on the same occasion, were part of a common scheme, or were consolidated for trial or sentencing. *Id.* at 1095.

The appellant's criminal history began in 1994. He was first arrested in March of that year for possessing cocaine; again in April for possessing PCP with intent to distribute; again in May for possessing cocaine; and once more in January 1995 for possessing cocaine. The district court properly concluded that these four offenses were unrelated because the last three were each preceded by an intervening arrest; thus, ending the relatedness inquiry. *See United States v. Bradley,* 218 F.3d 670, 673 (7th Cir.) (holding that intervening arrests bar subsequent convictions from being considered related), *cert. denied,* 531 U.S. 903, 121 S.Ct. 244, 148 L.Ed.2d 175 (2000); *United States v. Linnear,* 40 F.3d 215, 224 n. 8 (7th Cir.1994) (even if defendant's prior cases were consolidated for plea and sentencing, they could not be considered related because they were separated by intervening arrests).

The appellant, ignoring the clear language of Application Note 3 and this court's precedent, nevertheless argues that his offenses were related because they were consolidated at sentencing—he was sentenced for all four offenses at the same

---

1. The appellant tries to muddy the water by asserting that this circuit's precedent is contradictory regarding the appropriate standard of review. Citing this supposedly inconsistent precedent and authority from other circuits, he suggests that this court should engage in *de novo* review. But we have iterated (in several cases decided before the appellant

filed his brief) that clear error review is proper, *see, e.g., Best,* 250 F.3d at 1094–95; *United States v. Brown,* 209 F.3d 1020, 1023 (7th Cir.2000); *United States v. Joy,* 192 F.3d 761, 770 (7th Cir.1999), a conclusion endorsed by the Supreme Court, *see Buford v. United States,* 532 U.S. 59, 64, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001).

hearing. But even assuming the intervening arrest rule did not apply, his argument still would not prevail, for the state court never did order consolidation. The appellant must then demonstrate that the cases were "functionally consolidated" at sentencing. Under the functional consolidation doctrine, prior offenses may be deemed consolidated even without a formal order when they are factually or logically related, or when sentencing was joint. *Best,* 250 F.3d at 1095. The mere fact that a defendant was sentenced for multiple offenses on the same day, however, does not establish consolidation. *Id.* Instead, the appellant must show that the sentencing judge considered the offenses to be sufficiently related for consolidation and in effect entered one sentence for the multiple convictions. *See United States v. Stalbaum,* 63 F.3d 537, 539 (7th Cir.1995); *United States v. Russell,* 2 F.3d 200, 204 (7th Cir.1993).

Here, the district court did not commit clear error because the state court did not treat the four cases as one. The state court maintained a separate docket number for each offense, and sentenced the appellant to four separate, consecutive terms of incarceration. In addition, the state court credited the appellant with different credit terms for each offense, and imposed independent fees and costs for each. Moreover, the offenses occurred on separate occasions over a ten-month period. Thus, the district court correctly concluded that the state court's decision to sentence the appellant for all four offenses at the same time was motivated by administrative convenience and not because it viewed the four offenses as one. *See Best,* 250 F.3d at 1094.

Finally, the appellant argues for the first time on appeal that the four offenses were related because they were part of a common plan or scheme. The appellant, however, has forfeited this argument because he did not present it to the district court. *See United States v. Staples,* 202 F.3d 992, 995 (7th Cir.2000) (holding that forfeiture, which is a simple failure to raise an issue, merits plain error review). The district court did not plainly err—the offenses occurred on four separate days over a ten-month period, with no link other than the fact that each was a drug offense. *See United States v. Carroll,* 110 F.3d 457, 460 (7th Cir.1997) (neither close temporal proximity nor similar nature of the crimes commands a finding of relatedness).

We therefore AFFIRM the sentence imposed by the district court.