### UNITED STATES of America
### Plaintiff–Appellee,

v.

### Henry Garcia LIRANZO, Defendant–Appellant.

#### No. 02–4104.

United States Court of Appeals, Seventh Circuit.

Submitted April 17, 2003.

Decided April 28, 2003.

Before COFFEY, RIPPLE, and DIANE P. WOOD, Circuit Judges.

### ORDER

Henry Garcia Liranzo pleaded guilty to one count of being present in the United

States without permission after having been deported following an aggravated felony, 8 U.S.C. § 1326(a), (b). The district court sentenced him to 77 months' imprisonment. Mr. Liranzo filed a notice of appeal, but his appointed counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he is unable to discern a nonfrivolous issue for appeal. Pursuant to Circuit Rule 51(b), Mr. Liranzo was invited to respond to counsel's motion to withdraw, but he did not. Because counsel's brief is facially adequate, we limit our review of the record to those potential issues identified in it. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997). We agree with counsel that an appeal raising the potential issues would be frivolous and therefore grant the motion to withdraw and dismiss Mr. Liranzo's appeal.

In May 2000 Mr. Liranzo was convicted of cocaine trafficking under New York law. N.Y. Penal Law § 220.39 (Consol.2003). He was subsequently deported, and he never applied for readmission to the United States. He returned to the United States without permission, and in March 2000 was arrested in Milwaukee, Wisconsin. Because his deportation had followed the conviction for cocaine trafficking, an aggravated felony under 8 U.S.C. § 1101(a)(43)(b), Mr. Liranzo was subject to the increased penalties of 8 U.S.C. § 1326(b). He pleaded guilty pursuant to a written plea agreement and was assisted at the plea hearing by a translator.

■ Counsel first considers whether it would be frivolous to challenge Mr. Liranzo's competence to enter a guilty plea. A defendant is competent to plead guilty if he has a "'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding'" and "'a rational as well as factual understanding of the proceedings against him.'" *United States v. Collins*, 949 F.2d 921, 927 (7th Cir.1991) (quoting *Dusky v. United States*, 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)). Although the judge never stated on the record that Mr. Liranzo was competent to plead guilty, the court did ask him the appropriate questions to establish his competency. The court asked him, for example, whether he had a history of mental illness, whether he understood and had sufficiently consulted with his attorney about his guilty plea, and whether he was satisfied with his attorney's representation. The judge was not required to hold a formal competency hearing because neither party suggested he was incompetent and nothing Mr. Liranzo said during the plea colloquy gave the court reasonable cause to question his competence. *See Collins*, 949 F.2d at 924 (court is not required to hold competency hearing unless there is reasonable cause to believe defendant is incompetent). We thus agree with counsel that it would be frivolous to contest Mr. Liranzo's competence to plead guilty.

Counsel next considers whether it would be frivolous to challenge Mr. Liranzo's plea on the ground that it was not taken in compliance with Federal Rule of Criminal Procedure 11. But Mr. Liranzo has not indicated that he wants to withdraw his guilty plea, and we have held that counsel generally should not raise a Rule 11 argument on appeal, or even explore the question in an *Anders* submission, unless the defendant wants his plea set aside. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002); *see also United States v. Maeder*, 326 F.3d 892 (7th Cir.2003). In any event, we agree with counsel that it would be frivolous to challenge the court's compliance with Rule 11 because the transcript reveals that the court substantially complied with the rule.

Counsel next considers whether it would be frivolous to argue that the court erred in calculating Mr. Liranzo's criminal history points, a challenge that we would review deferentially. *United States v. Buford,* 532 U.S. 59, 60, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001). Mr. Liranzo was arrested in October 2001 for a drug offense and then arrested in February 2002 for bail jumping and two more drug offenses. He was convicted of all four crimes and the district court assessed him one criminal history point for the October 2001 crime and another point for the February 2002 crimes. Because all four charges were consolidated for trial, Mr. Liranzo argued at his federal sentencing that the court should find them "related" and treat them all as a single offense in calculating his criminal history. Mr. Liranzo raised a similar challenge at sentencing to the court's treatment of several crimes he committed in New York. He was arrested in May 1998 for possession of cocaine. When he failed to appear in court for that case, he was arrested and charged with bail jumping. In between those two arrests, Mr. Liranzo was also arrested for the sale of a controlled substance. He pleaded guilty to all three offenses. Mr. Liranzo initially argued at sentencing that all three convictions were related, but then changed tactics and argued that only the possession and bail jumping convictions were related. The court assigned three points to the possession conviction and two points to the bail jumping conviction. Mr. Liranzo argued that these New York convictions were related because they were part of a common scheme "not to be brought to justice."

■ Section 4A1.2(a)(2) of the United States Sentencing Guidelines directs the sentencing court to count prior sentences in "unrelated" cases separately. If two crimes are separated by an intervening arrest, the inquiry ends there: the crimes by definition are "unrelated" and are counted separately. U.S.S.G. § 4A1.2, cmt. (n.3); *United States v. Bradley,* 218 F.3d 670, 673 (7th Cir.2000). Because all of the criminal history points Mr. Liranzo contested at sentencing were for crimes separated by intervening arrests, we agree with counsel that it would be frivolous to argue that the crimes were related. *See United States v. Linnear,* 40 F.3d 215, 224 n. 8 (7th Cir.1994) (even consolidated charges are unrelated if they are separated by an intervening arrest); *United States v. Wilson,* 41 F.3d 1403, 1404–05 (10th Cir.1994) (intervening arrest requires bail jumping charge to be counted separately from crime for which defendant was released on bail).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.