

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2003

# USA v. Cashwell

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3459

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Cashwell" (2003). *2003 Decisions.* Paper 469.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/469

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

NO. 02-3459

———

UNITED STATES OF AMERICA

v.

KEITH CASHWELL, a/k/a Richard Cashwell,
Appellant

———

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Crim. Action No. 01-cr-00469)
District Judge: Honorable Joel A. Pisano

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 3, 2003

BEFORE: ALITO, ROTH and STAPLETON, <u>Circuit Judges</u>

(Opinion Filed: June 10, 2003)

———

OPINION OF THE COURT

———

STAPLETON, Circuit Judge:

Appellant Keith Cashwell pled guilty to possession of a firearm by a convicted felon. He was sentenced to a term of 60 months. This resulted from the fact that the District Court increased his base offense level and criminal history score based upon its determination that his two prior drug convictions were not related cases under Application Note 3 of U.S.S.G. § 4A1.2 He contends that this determination was in error.

On November 9, 1988, Cashwell was arrested by state authorities following a drug raid. On November 11, 1989, he was convicted of conspiring to possess cocaine with intent to distribute from March 21, 1988, through December 21, 1988 (hereinafter the "state offense").

Federal agents arrested Cashwell on August 6, 1990, and he ultimately pled guilty to a count charging him with conspiring to distribute cocaine and marijuana from March 1, 1987, through January 1, 1990 (hereinafter the "federal offense"). That count included allegations that in furtherance of the conspiracy Cashwell "engaged in a series of assaults and shootings to intimidate rival drug dealers," including the attempted murder of one Ricky Williams in January of 1989. Cashwell admitted in an interview conducted during the presentence investigation that he had shot Williams.

U.S.S.G. § 4A1.2(a)(2) provides that "[p]rior sentences in unrelated cases are to be treated separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c)." U.S.S.G. § 4A1.2(a)(2). Application Note 3 to § 4A1.2 elaborates on the meaning of the term "related cases," providing:

2

> Prior sentences are not considered related if they were offenses that were separated by an intervening arrest (<u>i.e.</u>, the defendant is arrested for the first offense prior to committing the second offense). **Otherwise**, prior sentences are considered relating if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

U.S.S.G. § 4A1.2, Application Note 3 (emphasis added).

The District Court concluded that Cashwell "was arrested for the first offense prior to committing the second offense," App. at 133, and, accordingly, that the prior state and federal offenses were not related for purposes of U.S.S.G. § 4A1.2, Application Note 3. We agree.

The state offense was committed between March 21, 1988, and December 21, 1988. Cashwell was arrested in connection with that offense on November 9, 1988. While Cashwell's commission of the federal offense commenced prior to that arrest, his commission of that offense continued well after that arrest until January 1, 1990, including the shooting of Williams in furtherance of the conspiracy in January of 1989.

The rationale behind the "intervening" arrest rule is that an offender who engaages in serious criminal conduct after having been called to account for a prior serious offense is "less likely to mend his ways." *United States v. Springs*, 17 F.3d 192, 196 (7th Cir. 1994); *United States v. Coleman*, 38 F.3d 856 (7th Cir. 1994). Where, as here, a defendant has been arrested in connection with a drug conspiracy and thereafter continues criminal conduct, "his continued involvement in the drug conspiracy after the

3

. . . arrest supports the inference that [he] is not one likely to 'mend his ways'." *United States v. Bradley*, 218 F.3d 670, 674, n.4 (7th Cir. 2000) (quoting from *United States v. Springs, supra*) (finding two drug offenses to be unrelated under U.S.S.G. § 4A1.2, Application Note 3, on materially indistinguishable facts).

The judgment of the District Court will be affirmed.

TO THE CLERK:

Please file the foregoing Not Precedential Opinion.


Walter K. Stapleton
Circuit Judge