UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 29, 2006
Decided December 7, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-2608

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,*<br><br>v.<br><br>REGINALD D. PURVIS, *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Western Division.<br><br>No. 05 CR 50018<br><br>**Philip G. Reinhard**, *Judge.* |

**O R D E R**

Reginald Purvis pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute at least 50 grams of cocaine base, 21 U.S.C. §§ 846, 841(a)(1).  The district court, over Mr. Purvis's objection, determined that he was a career offender, U.S.S.G. § 4B1.1(a), because of two prior convictions—one federal and one state—for drug offenses.  The district court imposed a sentence of 264 months' imprisonment, a term within the advisory guideline range of 262 to 327 months.

Mr. Purvis filed a notice of appeal, but his appointed lawyer has moved to withdraw, representing that all potential arguments on appeal are frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Mr. Purvis has filed a response. *See* Cir. R. 51(b). Counsel's brief is facially adequate, and so we discuss only potential arguments that he and Mr. Purvis have raised. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Counsel informs us that Mr. Purvis does not wish to withdraw his guilty plea, and so he appropriately addresses only potential issues relating to the sentence. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). We bypass discussion of potential arguments concerning guidelines calculations—such as the addition of two offense levels based on the drug quantity and two more for Mr. Purvis's possession of a gun—that did not affect his sentence because the district court found that he was a career offender. Section 4B1.1(b) prescribed his offense level without regard to any specific offense characteristics. *See United States v. King*, 356 F.3d 774, 780 (7th Cir. 2004).

Counsel considers challenging the application of the career offender guideline, specifically, whether Mr. Purvis's prior convictions were improperly treated as separate offenses for purposes of triggering the enhanced penalty. *See* U.S.S.G. §§ 4B1.2(c), 4A1.2(a)(2) & cmt. n.3; *United States v. Graves*, 418 F.3d 739, 744 (7th Cir. 2005). Mr. Purvis was convicted in federal court in 1994 of conspiracy to distribute and to possess with intent to distribute cocaine and cocaine base, and in 1995 he was convicted in Illinois of possession with intent to distribute cocaine. Mr. Purvis was arrested on the state charge on January 11, 1993 and was released on bond. On January 28, he was arrested for the federal drug conspiracy. When pleading guilty to the federal charge, Mr. Purvis admitted that he participated in the conspiracy until the date of his (federal) arrest. The district court, relying on our decision in *United States v. Bradley*, 218 F.3d 670 (7th Cir. 2000), rejected Mr. Purvis's argument that the convictions should count as one for purposes of the career-offender guideline. In *Bradley*, we applied the "intervening arrest" rule and held that a defendant's state conviction for possessing cocaine was unrelated to his federal conviction for a drug conspiracy because the last criminal act alleged in the conspiracy case occurred after the defendant was arrested on the state charge. *Id*. at 673.

We agree with counsel that it would be frivolous to resurrect the argument that the two prior offenses are related for purposes of the career-offender guideline. In his plea agreement, Mr. Purvis acknowledged that "pursuant to Guideline Section 4B1.1(a), defendant's offense level must be increased to 37, because defendant qualifies as a 'career offender.'" This concession would support the argument that Mr. Purvis waived any challenge to the application of the career-offender guideline, but we note that the agreement also states that the guideline calculations are "preliminary in

nature," and that, when Mr. Purvis objected to the recommendation in the PSR that he be sentenced as a career offender, the government did not argue that Mr. Purvis waived his right to do so.

Even if Mr. Purvis did not waive the argument that the district court erred by counting the two convictions separately, it would nonetheless be a frivolous issue to raise on appeal. Crimes are not related if they were separated by an intervening arrest. *United States v. Morgan*, 354 F.3d 621, 623 (7th Cir. 2003); *Blake*, 218 F.3d at 673. Mr. Purvis argues, as he did in the district court, that the convictions are related because they were part of a "common scheme or plan." But, according to the guidelines, crimes are *per se* unrelated if separated by an intervening arrest; "*[o]therwise*, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a common scheme or plan, or (C) were consolidated for trial or sentencing." U.S.S.G. § 4A1.2(a) (emphasis added). Thus, when a district court finds that crimes were separated by an intervening arrest, it need not go on to consider other factors. *Bradley*, 218 F.3d at 673.

Counsel also considers arguing that Mr. Purvis's sentence is unreasonably long. But he can identify no factors under 18 U.S.C. § 3553(a) that might rebut the presumption of reasonableness accorded a sentence within a properly calculated guideline range. *See United States v. Williams,* 436 F.3d 767, 769 (7th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606 (7th Cir. 2005). We recognize that the Supreme Court of the United States will take up the issue of a presumption of reasonableness in *United States v. Rita*, 177 Fed. App'x 357 (4th Cir. 2006), *cert. granted*, 2006 WL 2307774 (U.S. Nov. 03, 2006) (No. 06-5754). But the argument would be no less frivolous even without such a presumption. Mr. Purvis did not argue for a sentence below the advisory guideline range; he requested a sentence of 262 months and received one just two months longer. Furthermore, the district court considered his arguments that he should receive a sentence at the bottom of the range because he is non-violent and would be in his fifties after serving the sentence. *See Williams*, 436 F.3d at 769. The court acknowledged that a guidelines sentence would put Mr. Purvis in prison for a long time but concluded that, in light of his long criminal record, a sentence within the range but "not even close" to the maximum was appropriate. We agree with counsel that it would be frivolous to challenge the reasonableness of that conclusion.

The motion to withdraw is **GRANTED** and the appeal is **DISMISSED**.