NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted July 26, 2013
Decided August 13, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-3856

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　*Plaintiff-Appellee,*<br><br>　　　v.<br><br>REGINALD D. PURVIS,<br>　　　　*Defendant-Appellant.* | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Western Division.<br><br>No. 05 CR 50018<br><br>Philip G. Reinhard,<br>　　*Judge.* |

**O R D E R**

This case has been up and down the federal court system three times and is now before this Court for the fourth time. It originates from Reginald D. Purvis' decision in February 2006 to plead guilty to a single charge of conspiracy to possess and distribute at least 50 grams of crack cocaine, *see* 21 U.S.C. § 846, and the district court's imposition of a 264-month prison sentence on that charge in June 2006. Between then and now, the case has

developed a fairly complex procedural posture, most of which is not directly relevant to the issue we are deciding here. (See *United States v. Purvis* (*Purvis I*), 207 Fed. App'x 691 (7th Cir. 2006) (unpublished), *Purvis v. United States*, No. 09-1994 (7th Cir. Nov. 19, 2009) (unpublished), and *Purvis v. United States (Purvis II)*, 662 F.3d 939 (7th Cir. 2011) for a more thorough understanding of the case's background.) But in short, in *Purvis II* we remanded the case for resentencing.

The main issue during resentencing was the calculation of the relevant Guidelines range, which is also the cynosure of this appeal. Complicating this case, after Purvis pleaded guilty to the underlying offense and was originally sentenced in June 2006, there was a change in his "criminal history." We take a moment to explain the change.

The original sentence in this case was imposed based on the following criminal history: on January 11, 1993, Purvis was arrested and charged in Winnebago County, Illinois, with, among other things, possession with intent to deliver cocaine (Case No. 93 CF 57). Seventeen days later, on January 28, Purvis was arrested and again charged in Winnebago County with, among other things, possession with intent to deliver cocaine (Case No. 93 CF 212). Then, on July 27, 1993, Purvis and numerous other co-conspirators were indicted in the Northern District of Illinois for conspiracy with intent to possess and distribute crack cocaine from at least 1989 until July 1993 (Case No. 93 CR 20024). (We refer to the cases as Case Nos. 57, 212, and 20024, respectively.)

Looking to the state cases, Purvis pleaded guilty to Case No. 57 on April 23, 1993, and on March 20, 1995, was sentenced to 4 years' imprisonment. Case No. 212 was dismissed on April 23, 1993, along with Purvis' guilty plea in Case No. 57. Purvis also pleaded guilty in his federal case, Case No. 20024, on March 15, 1994, and the district court sentenced him to 70 months' imprisonment on September 14, 1994. These cases and convictions contributed to Purvis being assessed 12 criminal history points, which led to a criminal history category V at his June 2006 sentencing—he was not assessed any points for Case No. 212 because of the dismissal. The V was subsequently increased to a VI because Purvis was deemed to be a career offender pursuant to U.S.S.G. § 4B1.1.

Here is the changed history: after Purvis received his sentence in June 2006, and as pertinent to *Purvis II*, Purvis sought to vacate his state conviction and withdraw his guilty plea in Case No. 57. *Purvis II*, 662 F.3d at 942-45. On June 30, 2009, the state court granted Purvis' motion to withdraw his guilty plea and vacated the conviction; this also negated Purvis' career-offender status. *See id.* at 945. In response, the State re-indicted Purvis on

January 7, 2011, for the conduct underlying Case Nos. 57 and 212. Purvis then negotiated a plea deal and, in turn, pleaded guilty to a single count in each case, Nos. 57 and 212—possession of less than 15 grams of cocaine, a felony. Purvis was sentenced to a 3-year term of imprisonment on each count, the terms to run concurrently; previous time served was applied.

In response to this change, the probation office prepared a new PSR on August 21, 2012, for Purvis' sentencing on remand after *Purvis II*. The probation office used the 2011 edition of the Guidelines Manual and, in doing so, determined that Purvis' base offense level was 30. Two levels were added to that number because Purvis possessed a firearm during the commission of the offense, *see* U.S.S.G. § 2D1.1(b)(1); three levels were then deducted from the total for acceptance of responsibility. *See* § 3E1.1. Purvis' total offense level was thus 29. The probation office also determined that Purvis was a criminal history category VI based on a total of 15 criminal points. As relevant to this appeal, 3 points were assessed for Case No. 57; 3 points for Case No. 212; and 3 points for Case No. 20024.

A sentencing hearing was held on December 14, 2012. The Government argued that the 2005 edition of the Guidelines Manual applied rather than the 2011 edition; the district judge agreed. The parties were then given an opportunity to discuss their other objections to the new PSR. Purvis' challenges were primarily to the criminal history category, which he contended should have been a V instead of a VI. This contention was based on five arguments. First, Purvis argued that the convictions for Case Nos. 57 and 212 were imposed pursuant to the same order on the same day, so they should have only counted as 3 points instead of 6. *See* § 4A1.2(a)(2). Second, Purvis claimed that the assigning of 3 additional points as a result of Case No. 20024 was an error because it "overstated the seriousness [Purvis'] criminal history, since that case was a part of the same conduct as Case [Nos.] 57 and 212." *See* § 4A1.1.(b) Third, Purvis argued that the November 2011 sentences for Case Nos. 57 and 212 were actually to a time-served term of 10 months, rather than 3 years, so only 2 points should have been added for each case instead of 3 per case. Fourth, citing § 4A1.2(e)(2), Purvis argued that the points discussed in his third contention should no longer count because they were not imposed within 10 years of the commencement of Purvis' conduct in the underlying case. Finally, Purvis maintained that the sentences in Case Nos. 57 and 212 could not be "prior sentences" because they were imposed after Purvis' *initial* sentencing hearing in June 2006. *See* § 4A1.2(a)(1).

The district judge rejected Purvis' arguments and, in using the 2005 edition of the Guidelines Manual, calculated Purvis' offense level as 29 and his criminal history category

as VI. This led to an applicable Guidelines range of 151 to 188 months of prison time. The district judge then explained his analysis of the 18 U.S.C. § 3553(a) factors and sentenced Purvis to 160 months in prison, followed by a 5-year term of supervised release.

Purvis filed a timely appeal of that sentence on December 18, 2012, in which he raises essentially the same challenges to the criminal history category that he made in the district court. But Purvis' challenges are like a storm in a teacup: we will only remand a case for resentencing if there is an error *and* we are not "certain" the judge would have imposed the same sentence but for the procedural error. *See United States v. Gulley*, No. 11-3411, 2013 U.S. App. LEXIS 12147, at *26-27 (7th Cir. June 17, 2013). In other words, regardless of whether the district judge somehow erred in his calculation of Purvis' criminal history, if he was clear that he would impose the same sentence on remand and that sentence would still be reasonable, any error will be deemed harmless. *Compare United States v. Anderson*, 517 F.3d 953, 965 (7th Cir. 2008) (concluding that the sentencing error was harmless because the district court "stated explicitly" that he believed the sentence imposed was reasonable even if the Guidelines calculation was incorrect); *with United States v. Tovar-Pina*, 713 F.3d 1143, 1148 (7th Cir. 2013) (remanding the case because the court had "no way of knowing whether the judge would have imposed the same sentence but for the procedural error"). That situation is what we have here.

The district judge stated:

Now, because there may be an issue as to my calculation of the [G]uidelines that could be raised on appeal, and in the event that I'm wrong, I'm going to make the following statement, that I would further find that even if your criminal history category was below six, that it was either to a four or a five . . . [,] I find that there are adequate facts to support an upward variance from those [G]uideline ranges, and I would sentence you -- I think the appropriate sentence, based upon all the sentencing factors that I've spent time elaborating on, I think there would be an upward variance to the 160-month sentence that I am imposing.
. . . .
And just because technically some points may not be counted does not detract from the seriousness and the continued criminal conduct of [Purvis] in those convictions, which in my judgment would justify a 160-month sentence, even if the criminal history was lower.

Accordingly, we are not required to speculate as to what the judge would do on remand: he would impose the exact same sentence. *Cf. United States v. Zahursky*, 580 F.3d 515, 528 (7th Cir. 2009). And as the Government points out, and as Purvis concedes, a change from category VI to category V would result in a new Guidelines range of 140 to 175 months. Thus, the same 160-month sentence would still fall in the middle of the Guidelines range and be accorded a presumption of reasonableness. *See United States v. Rivera*, 463 F.3d 598, 602 (7th Cir. 2006) ("A sentence . . . that falls within a properly calculated Guidelines range is entitled to a rebuttable presumption of reasonableness."). This fact, coupled with the district judge's clear explanation of the § 3553(a) factors, the judge's decade-long familiarity with Purvis, and Purvis' concession that the judge's sentencing comments were "undoubtedly sincere," leads us to believe that any alleged error was harmless. *See United States v. Abbas*, 560 F.3d 660, 668 (7th Cir. 2009) ("Where, as here, the judge has made a searching evaluation of a defendant's case, applied the statutorily mandated factors to the sentence and clearly articulated why the given defendant warrants a sentence that would be a departure from the correct range, the sentence is reasonable."). Win or lose, Purvis faces the same fate; we need not elaborate further.

We **AFFIRM**.